WESLEY BEST v. E. H. STONEBACK et al.

HOUSE AND CORRAL, No Trespass in Removing. Two parties occupied
the same tract of land, being a portion of the Osage Indian dimin-
ished reserve. By agreement one was allowed to purchase the land,
and the other to remove his house and corral. The one who had the
right to purchase did so, and made two payments upon it, and then,
while the other party still occupied his house and corral, conveyed
the land by warranty deed, subject to the payment to the government
of the balance due upon it. The grantee was not informed of the
contract between the parties concerning the removal of the house
and corral. The owner afterward did remove them without unnec-
essarily injuring the freehold, but in doing so was compelled to take
down a wire fence, which he immediately replaced. In an action by
the grantee against the owner of the house, held, that by the fact of
occupying the house, the grantee had notice of the owner's rights;
and further held, that such owner was not a trespasser in removing
his house and corral.

*Error from Chautauqua District Court.*

THE opinion states the case.

*Peckham & Henderson,* and *John W. Shartel,* for plaintiff
in error.

*McBrian & Pile,* for defendants in error.

Opinion by HOLT, C.: Plaintiff in error brought his action
against defendants, for tearing down and taking away a house
and corral, and cutting and breaking down a barb-wire fence.
Trial by the court without the intervention of a jury, at the
November term, 1885, and a general finding for the defend-
ants, and judgment for costs in their favor. Plaintiff brings
the case here.

The facts as shown by the evidence are, that David Gallen-
tine and William Burr, one of the defendants, settled upon
the west half of the southwest quarter, section 23, township
32 south, of range 10 east, in Chautauqua county, being a
part of the Osage Indian trust and diminished reserve lands,
both parties claiming interest in said land, and a right to pur-

chase.   By an agreement between Gallentine and Burr, Gallentine was to make settlement and purchase the land at the local land office, and Burr was to be allowed to remove the improvements he had made upon the land, which consisted of a box house and corral.   Burr at the time was living at the house with his family, and kept stock in the corral.   He built the house he was then occupying sometime in the summer of 1884, and was using this land as a pasture.   After this contract between Gallentine and Burr, and upon the 29th day of September, 1884, Gallentine gave a warranty deed of the eighty acres to Best, the plaintiff, subject to the payments to be made upon the land, as provided in the act of May 20, 1880, in reference to the Indian lands of the Osage reserve. In this deed Gallentine made no reservations in writing, and Best testified that nothing was said about the property of Burr then upon the land.   Best lived about a mile from the land, and in plain view of it.   In the early morning, before daylight, of October 10, 1884, the defendants and two others went with teams and loaded the house and corral on wagons, and removed them to the adjoining land of Stoneback; in doing so they took down the fence inclosing the entire eighty acres, but replaced it after driving through with their load.

The question discussed in the briefs of the parties is, whether Best had any title to the eighty acres in question, under the deed given him by Gallentine.   Gallentine had been an actual settler, with the qualifications of a preëmptor, and had made his entry and purchased the land at the local land office, had made two payments, and two remained unpaid.   The defendants contend that because Best did not show himself to be an actual settler, possessing the qualifications of a preëmptor upon public lands of the United States, he could not obtain title to the land by the deed from Gallentine, it still being public land and to be had only by actual settlement thereon; that such instrument was void, being against public policy, and could not convey any title to the grantee.   We think it is unnecessary to decide the question raised, for it does not appear that a trespass was committed by the defendants, even

though Best was the owner of the land.    He said he had no knowledge of the trade between Gallentine and Burr.    Burr, however, was in possession of the house and corral, and had been so during the summer preceding the sale.    He had lived in the immediate neighborhood, and had known of the conflicting claims of Gallentine and Burr.    It would seem strange that he did not have any actual knowledge of the rights of Burr and his claim to the land, but he certainly had constructive knowledge from the fact that Burr was still in possession of the property, using it as his own.    He had a right under his contract with Gallentine, to remove the property from the premises; this he did.    It is found that he took down the fence, but replaced it.    We believe he was authorized and justified in taking and removing his property, and in so doing he had the right to go upon the land, using care not to injure the freehold.    He selected an unusual hour to remove the property, but for doing so he may have had good reasons that are not apparent from the evidence brought here.    It may have been done for the purpose of avoiding trouble; in any event, we suppose a man has a right to exercise proper authority over his own property by night as well as by day.

We believe there was no trespass committed by the defendants in this action, and therefore recommend that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.