## JANUARY TERM, 1897.

### PRESENT:

Hon. FRANK DOSTER, Chief Justice.
Hon. WILLIAM A. JOHNSTON, } Associate Justices.
Hon. STEPHEN H. ALLEN,

| 58 | 1 |
| e70 | 114 |
| 58 | 1 |
| 71 | 848 |

| 58 | 1 |
| f77 | 559 |

ALEXANDER MURRAY v. THE BOARD OF COUNTY COMMISSIONERS OF WOODSON COUNTY.

No. 9152.

1. OPINION EVIDENCE — *not competent as to safety of bridge.* Where the claimed defects in a county bridge are described by witnesses who have knowledge of them, and the character and extent of such defects are comprehensible by the ordinary mind, the jury are the judges of the safety of the bridge for travel, and it is not competent for a witness, even though an expert, to give in evidence his opinion as to the safety of the bridge.

2. ACTION AGAINST COUNTY — *for negligence, under ¶ 7134, Gen. Stat. 1889, information of defect in bridge must be brought home to chairman of the county board.* In actions under the statute (ch. 237, Laws 1887, ¶ 7134, Gen. Stat. 1889), to recover for injuries occasioned by a defective bridge, notice of the defect must be brought home to the chairman of the county board ; and a presumption, that information of the defect possessed by another member of such board was communicated by him to the chairman, will not be indulged.

3. EXCEPTION UNAVAILING — *to refusing part of set of instructions constituting an inseparable whole.* An instruction asked by a party should not be so connected in context with other instructions that it cannot be separated therefrom and given in the lan-

1—58 KAN.

guage in which requested, without revision by the court and
without the repetition of other matter upon which the court has
instructed or might wish to instruct; and where a party, having
prepared a substantially full set of instructions covering the dis-
puted law of the case and requested the giving of it as a whole,
excepts to the court's refusal to give it as a whole, a claim of error
in refusing to give a portion of it will not be considered, where it
is so connected and dependent upon other portions as to be insep-
arable therefrom as a unit or single proposition.

4. DEFECTIVE BRIDGE — *in discovering, and repair of, county
bound to only ordinary diligence.* A county is bound to the
exercise of only reasonable or ordinary care and diligence in the
discovery and repair of defects in its bridges; and an instruction
to the jury, implying that such bridges must be so kept as to
guard against unusual and extraordinary danger to persons trav-
eling thereon, is erroneous against the county, but not against
the traveler, and constitutes, therefore, no ground of complaint
by him.

Error from Woodson District Court. Hon. L. Still-
well, Judge. Opinion filed April 10, 1897. *Affirmed.*

*G. E. Manchester*, for plaintiff in error.

*A. J. Jones* and *G. R. Stephenson*, for defendant in
error.

DOSTER, C. J.   The plaintiff in error was injured in
undertaking to cross a bridge. He attributes his in-
juries to defects in the bridge, negligently allowed to
exist after notice to the chairman of the defendant
Board, and sues to recover damages therefor under
chapter 237 of the Laws of 1887. Gen. Stat. 1889,
¶ 7134.   A verdict was returned and judgment ren-
dered against him ; from which judgment he prose-
cutes error to this court.

A witness who had experience in the building of
bridges such as the one in question, after describing the
method of its construction and the claimed defects in
the same, was asked to state his opinion whether it
was safe.   An objection to the giving of such opinion

was sustained, and rightly so. Where all the facts from which an opinion can be formed as to the safety of travel on a public highway are stated by those who have knowledge of them, and the matter is one within the comprehension of the jury upon explanation of such facts, it is the province of the jury to form such opinion, and not of witnesses, although experts, to express theirs. *K. P. Rly. Co. v. Peavey,* 39 Kan. 170; *City of Topeka v. Sherwood,* 39 id. 690; *Harris v. Township of Clinton,* 64 Mich. 447.

*1. Opinion evidence no competent, when.*

For the purpose of charging the chairman of the defendant Board with notice of the defective character of the bridge, a witness was asked to relate a conversation about its condition had by him with another member of the Board some time prior to the accident. An objection to this testimony was likewise rightly sustained. The statute charges the county with liability only where the chairman of the board has notice of the defect in question. This statute excludes the idea of imputable or constructive notice. The case is unlike those cited by counsel for the plaintiff in error, in which a municipality is liable upon notice to its governing authorities in their corporate capacity. The duty of receiving notice rests only upon the chairman of the board. A corresponding duty rests upon interested persons to convey notice to him who alone can be made to receive it. There is no legal presumption that one who is under no obligation to receive notice, and who, if he should actually receive notice, has no duty to perform, will nevertheless convey his information to the one upon whom rests the obligation to act.

*2. Action against county maintainable, when.*

The plaintiff in error requested an instruction that notice to the chairman of the Board might be inferred from long continuance of defects, and also

from defects of original construction of the bridge. The request was refused by the court, and that ruling is assigned as error. We do not feel called upon to determine the question thus raised. The plaintiff in error prepared a substantially full charge to the jury upon the whole law of the case, including the instruction in question, and prefaced it : "The plaintiff in the above-entitled cause requests the court to instruct the jury as follows, to wit." The various propositions of law thus advanced by the plaintiff were so inter-related in context as to make it difficult, if not impossible, to separate them, or to give one of them in the language in which it was requested without giving substantially all. Much that was requested

3. Exceptions to refusing instructions unavailing, when.

was given by the court in its own language ; and it was under no obligation to separate the proposition in question from its inter-dependent matter, to do which would have required a revision of its language, nor to give it in the language requested, which would have compelled a repetition in part of what had already been given. The plaintiff preserved no exception to the court's refusal to give as an instruction this particular proposition of law, nor indeed any particular propositions, but preserved an exception to only the refusal to give all the requested instructions as a whole. To review the legal question thus sought to be raised would countenance a faulty practice, and we therefore refrain from its consideration.

Complaint is also made that the court erred in its statement to the jury of the degree of caution and prudence that should have been exercised by the defendant Board in the maintenance and repair of the bridge. The court's instruction was :

"You are instructed that under no circumstances can the defendant Board be held and regarded as in-

suring the absolute safety of any bridge it may have constructed. All that the law requires in that regard is that, in cases where the chairman of the Board may have received the notice before mentioned, it then becomes the duty of the defendant Board to exercise reasonable and ordinary care and prudence in making such repairs, if needed, as will make the bridge reasonably safe for public travel, and for persons that may have occasion to cross it on foot, on horseback or in vehicles; and so that they will not incur any unusual or extraordinary danger in traveling thereon."

Of this statement of the law counsel for the defendant in error says:

"Said instruction is erroneous in that it in effect tells the jury that the 'reasonable and ordinary care and prudence as will make the bridge reasonably safe,' is duly exercised if the bridge is in a condition that relieves the traveler from 'unusual or extraordinary danger.'"

This instruction was erroneous; but the error was against the defendant and in favor of the plaintiff. It is contradictory, in that it told the jury:. *First*, that the defendant was under obligation to exercise such degree of care and prudence as would make the bridge reasonably safe for public travel; and, *second*, that it must be so safe as to guard against unusual and extraordinary dangers to travelers thereon. If this last proposition were the law, an obligation would rest upon counties to exercise in such matters that high degree of care and diligence which is the correlative or opposite of slight negligence, a failure to exercise which, would make such counties liable for slight negligence. That such is not the law will be admitted upon a moment's reflection. Counties are bound to the rule of ordinary diligence, only; and the court correctly declared so in the first part of this instruction, but, incorrectly as against the county and in favor of the

*4. County bound to only ordinary diligence.*

plaintiff, contradicted it in the closing and explana-
tory clause of the sentence.

The case of *Hubbell v. The City of Yonkers* (104 N.
Y. 434) is quite like this case in respect of the facts,
and the rule of law there applied meets our approval.
Among other things the court remarked :

" That which never happened before, and which in
its character is such as not to naturally occur to pru-
dent men to guard against its happening at all, can-
not, when in the course of years it does happen, furnish
good ground for a charge of negligence in not fore-
seeing its possible happening and guarding against
that remote contingency."

On all disputed questions of fact the jury found
against the plaintiff ; and, there being no error of law
of which he can complain, the judgment against him
will be affirmed.