THE BOARD OF COUNTY COMMISSIONERS OF ATCHISON
COUNTY v. TIMOTHY D. SULLIVAN.

No. 524.

DEFECTIVE BRIDGE—*Liability of County—Notice.* S. sued a
board of county commissioners, under the provisions of paragraph
7134, General Statutes of 1889 (Gen. Stat. 1897, ch. 42, § 48), to re-
cover damages on account of injuries sustained by him from being
thrown into a chasm in the highway occasioned by the removal
of the superstructure of a county bridge. He alleged in his peti-
tion that the superstructure was removed by the direction of the
board of commissioners, including its chairman, under a contract
therefor signed by the chairman, more than five days before the
injury complained of; but did not allege further notice of this
defect to the chairman of the board. *Held,* That the chairman
of the board would be presumed to know what was done by the
board's direction, and that the allegation was a sufficient aver-
ment of notice to entitle the plaintiff to recover; and further
*held,* that the removal of the superstructure created a defect in
the bridge, as contemplated by the provisions of said paragraph
7134.

Error from Atchison district court; W. D. WEBB,
judge. Opinion filed May 4, 1898. Affirmed.

*F. G. Crowell,* county attorney, *C. D. Walker,* and
*J. L. Berry,* for plaintiff in error.

*J. T. Allensworth,* for defendant in error.

The opinion of the court was delivered by

MAHAN, P. J. : We are met at the threshold of our
investigation of this case with an objection made by
the defendant in error to its consideration, because
the plaintiff in error is named in the petition in error
"board of county commissioners of Atchison county,"
instead of "the board of county commissioners of the
county of Atchison"; and upon this ground the de-
fendant in error asks us to dismiss the case. These
forms of the name of plaintiff in error seem to have

been used indiscriminately.  The objection is too technical to require very much consideration.  The words could be easily transposed so as to conform to the name designated by the statute if it were necessary to do so under the provisions of the code, but it is not.  It would add nothing to the signification of the name, nor would it detract anything from its signification to leave it as it now stands, without a transposition of the words.  In other words, the objection is purely technical, and without any substance or merit.

The facts of the case, which seem to be practically undisputed, are, that during the month of December, 1893, the board of commissioners made a contract for the construction of a number of bridges on behalf of the county, and among them a bridge across a certain named creek, on a road designated as road No. 149.  This bridge was intended to replace an old county bridge at the same place, which had become defective so as to need replacement by a new bridge. On May 22, 1894, the contractors, pursuant to the contract, were ready to proceed with the work.  The engineer expressly provided for by the contract, in behalf of the county, set the stakes at the place where the bridge was to be built, necessarily causing a removal of the superstructure of the old bridge before the new one could be put in place.  On the same day the old superstructure was removed, leaving a chasm in the highway about twelve feet wide and about eight or ten feet deep, walled up on either side by the abutments which had supported the old superstructure.

. The defendant in error, in the night-time of the 27th of May, or, rather, early in the morning of the 28th, in company with another person, drove along the highway toward the city of Atchison, and, with-

out anything to obstruct his passage or to notify him of the dangerous condition in which the bridge had been left by the removal of the superstructure, drove into the chasm. His companion was killed and he seriously injured. The defendant in error brought this action to recover damages from the county of Atchison for the injuries occasioned by this misfortune, under the provisions of paragraph 7134, General Statutes of 1889 (Gen. Stat. 1897, ch. 42, § 48). There was a trial to a jury, which resulted in a verdict for the defendant in error for $500 damages. The jury also made special findings of fact. There was judgment for the amount of the verdict.

The plaintiff in error objected to the introduction of any evidence under the amended petition of the plaintiff, for the reason that it did not state facts sufficient to constitute a cause of action, the contention being that there was no allegation in the petition that the chairman of the board of county commissioners had five days' notice of this defect in the bridge caused by the removal of the superstructure, and that it was not in fact a defect in the bridge ; so that, under the provisions of the paragraph cited, no cause of action was stated. This objection constitutes the ground of the fourth assignment of error.

At common law, counties and townships were not liable for any damage for wrongs occasioned by the negligence of their officers. But the legislature, by the provisions of this statute, imposes upon our counties and townships such liability ; in case of negligence respecting bridges, upon the county — that is, bridges constructed wholly or partly by the county — and in cases of negligence as to other portions of the highway, upon townships. The statute in relation to highways imposes upon the board of county commis-

sioners a duty in respect to keeping in repair bridges constructed wholly or in part by the county, but not as to any other part of the highway. This duty is imposed upon the township officers. So that the legislature imposed upon the county a liability for damages occasioned by the negligence of its executive officers respecting a certain part of the highway, and upon the township a liability for injuries occasioned by the negligence of its executive officers with respect to the remaining portion of the highway. In the language of the supreme court of this state in the case of *Reading Township v. Telfer*, 57 Kan. 804 (48 Pac. Rep. 136) :

"This defect in the common law was remedied by the enactment of the statute in question ; and the only effect of such statute was to bring a class of cases within the operation of the common law of negligence which hitherto had been without. This statute simply declared as to counties and townships what has always been the law with respect to cities, private corporations, and individuals. A contrary view has been held in *Walker v. Chester County*, 40 S. C. 342, but it does not meet our approval."

The statute provides that the county shall only be liable for damages occasioned by defects in a bridge in cases where the chairman of the board shall have had notice of the defect five days prior to the infliction of the injury complained of. The supreme court, in the above enunciation, doubtless regards that as simply fixing a rule as to what shall constitute actionable negligence upon the part of the executive officers of the counties.

The plaintiff's petition did not allege, nor did the evidence prove, that the chairman of the board was notified that its agent, the contractor, had in fact removed the superstructure of the bridge, but relied

upon the fact that the chairman of the board was required as a matter of law to know that that had been done which was done by his express authority, by his agent, or rather by the agent of the entire board.

It was argued by counsel, as well as contended for in the brief, that inasmuch as the contract, which was introduced in evidence, disclosed that the contractor was doing the work under an independent contract — that is, independent of any control on the part of the board, or independent of such control as would make the contractor the servant of the board — therefore the county was not liable for the action of the contractor, and hence was not charged with actual notice of the acts of such servant, as is held under the rules of the common law. It is doubtless true that this is the general rule; but this case comes within the exception to the rule noticed by the supreme court of the United States and ably expressed by Clifford, J., in the case of *Water Co. v. Ware*, 16 Wall. 576 :

"Where the obstruction or defect caused or created in the street is purely collateral to the work contracted to be done, and is entirely the result of the wrongful acts of the contractor or his workmen, the rule is that the employer is not liable; but where the obstruction or defect which occasioned the injury results directly from the acts which the contractor agreed and was authorized to do, the person who employs the contractor and authorizes him to do those acts *is equally liable* to the injured party. (*Robbins v. Chicago*, 4 Wall. 679.) Exactly the same view was advanced by this court when that case was brought here by the first writ of error, in which the court said that if the nuisance necessarily occurs in the ordinary mode of doing the work, the occupant or owner is liable, but if it is from the negligence of the contractor or his servants, then he should alone be responsible. (*Chicago v. Robbins*, 2 Black, 428.) Common justice requires the enforcement of that rule, as, if the contractor does the

Atchison County v. Sullivan.

thing which he is employed to do, the employer is as responsible for the thing as if he had done it himself; but if the act which is the subject of complaint is purely collateral to the matter contracted to be done, and arises indirectly in the course of the performance of the work, the employer is not liable, because he never authorized the work to be done. 'It would be monstrous,' said Lord Campbell, 'if a party causing another to do a thing were exempted from liability for the act merely because there was a contract between him and the person immediately causing the act to be done,' which may be accepted as correct if applied in a case where the work contracted to be done will necessarily, in its progress, render the street unsafe and inconvenient for public travel.''

To the same effect is the judgment of the supreme court of Ohio in *Carman v. Steub. & Ind. Rld. Co.*, 4 Ohio St. 399; *Circleville v. Neuding*, 41 id. 465; Wharton's Commentaries on Agency and Agents, §§ 484–487.

The performance of the contract which the plaintiff in error made necessarily required the very thing to be done which the contractor did do and which was the primary cause of the injury complained of. This act converted the bridge into a public nuisance. The contention now is, that nobody had notified the chairman of the board that this thing had been done. But, upon the well-settled principle of law applicable to the relation of master and servant, which existed in this case, the master was bound to know that the servant had done a thing which the master had directed him to do. The case is in the same condition as though the board of commissioners had employed a competent person, upon daily wages, to remove that bridge, and had directed the bridge to be removed upon a certain day. In such case the master could not be heard to say, "I had no notice," because notice to the servant

is notice to the master. He is bound to know that that thing was done which he had directed to be done.

As opposed to this, counsel for plaintiff in error cite *Murray v. Woodson County*, 58 Kan. 3 (48 Pac. Rep. 554), in which the supreme court, speaking by the chief justice, says : " This statute excludes the idea of imputable or constructive notice."

In that case, in the language of the court, " for the purpose of charging the chairman of the defendant board with notice of the defective character of the bridge, a witness was asked to relate a conversation about its condition had by him with another member of the board, some time prior to the accident." This evidence, offered by the plaintiff, was rejected, and the supreme court held correctly rejected, because notice to a member of the board not the chairman could not, as a matter of law, be held to be notice to the chairman ; that the duty of receiving the notice rested upon the chairman only ; that a corresponding duty rested upon persons interested to convey the notice to him who alone was authorized to receive it ; and that there was no legal presumption that one under no obligation to receive notice would convey such notice to the chairman of the board. We do not think that, the language of the court should be given the broad signification for which counsel for plaintiff in error contend. When the legislature said the chairman of the board should have five days' notice before the injury occurred, it doubtless meant such notice as has been heretofore held to be notice in similar cases ; the law relating to master and servant respecting notice must have been intended by the legislature to apply.

Counsel for plaintiff in error further contend that this statute, creating a liability where none existed before, must be strictly construed. The supreme

court, in the case of *Reading Township v. Telfer*, supra, p. 805, used this language upon a like argument : " Besides, the statute which gives the right of action in question is a remedial one, and should therefore be liberally rather than restrictively construed."

The statute evidently intended to restrict the notice necessary to bind the county to the chairman of the board, and to put upon him the duty of acting in the premises, and fixed the time for the duration of the defect, as establishing that degree of negligence which is actionable, at five days. But there is no intention upon the part of the legislature that other or different notice should be given to the chairman than in other cases of negligence upon the part of cities, private corporations, or individuals.

The other contention of counsel in the application of this rule of strict construction is, that the defect is not a defect in a bridge, because there was no bridge in fact. But, as the supreme court said, we must give the statute a liberal construction and not a restricted one. There had been a bridge, over which the public traveled ; the county had assumed the duty of erecting and maintaining the bridge ; it was under the immediate direction of the board that the superstructure had been torn down and a new one was being erected. It is not like a case where there never had been a bridge, but only a necessity for one. A defect in the bridge in that part of the highway which was a highway only by reason of the bridge was produced by the immediate action of the board, including its chairman.

There is no doubt but that the contractors in this case would have been liable for the damages ; but this does not relieve the county from its liability under the

provisions of the statute, if the facts warrant a recovery against it.

The contention cannot be sustained under our construction of the statute; hence, there was no error in denying the motion for a new trial.

Judgment affirmed.