## THE CITY OF HOLTON v. MAGGIE M. HICKS.

**No. 603.** (58 Pac. 998.)

1. PERSONAL INJURY—*Defective Sidewalk—Experts.* In an action by H. against the city of Holton for personal injuries sustained by plaintiff falling in consequence of an alleged defective area way, trap-door and sidewalk upon one of the principal streets of the city, the court permitted the plaintiff, over objection, to introduce in evidence the opinions of a large number of witnesses, some of whom were expert carpenters, and others not shown to be experts or possessed of any peculiar skill, who had seen the area way, trap-door, the supports thereto, and the sidewalk, and such witnesses were permitted to testify that in their opinion "the trap-door was not properly constructed," that "it was in a bad condition," that "it was not constructed right," that "it seemed to be unsafe," etc. *Held,* that the admission of such testimony consisting of the opinions and conclusions of such witnesses was prejudicial error; that in such cases where the relation of facts and their probable result can be determined without special skill or study, the facts then must be given, and the jury left to draw their own conclusions.

2. —— *Action by Married Woman—Loss of Time.* In an action against a city for personal injuries, where the plaintiff was at all times a married woman, her only occupation that of housekeeping for her husband and family, she cannot recover for loss of time.

Error from Jackson district court; LOUIS A. MYERS, judge. Opinion filed November 1, 1899. Reversed.

*John D. Myers,* city attorney, and *Hayden & Hayden,* for plaintiff in error.

*R. B. Welch, Keeler & Hite,* and *John S. Hopkins,* for defendant in error.

The opinion of the court was delivered by

McELROY, J. : This action was brought in the district court of Jackson county by Maggie M. Hicks against the city of Holton to recover damages for personal injuries which she alleged she had sustained by

reason of a defective sidewalk on one of the streets of the city.

The amended petition alleged that the sidewalk in question was about twelve feet wide, constructed many years before by parties unknown to plaintiff; that there was an area way underneath the sidewalk constructed about the same time; that coal holes or openings were constructed in said sidewalk, which were covered by movable trap-doors; that the trap-door in question was supported by cleats of wood nailed underneath; that the walk and trap-door had been in use many years, had become rotten, defective, and unsafe, and that the cleats had become rotten, defective, and unsafe; that at the time the sidewalk, trap-doors and area way were constructed the city knew of their construction, knew the manner of their construction, and knew that the supports, trap-doors and walk had become rotten, defective, and unsafe; that the city had actual notice of the defects in the walk, trap-doors, and supports thereto, and that the defects had existed for such time that by the exercise of reasonable diligence said defects could have been discovered and remedied; that the walk in question was one of the principal traveled walks in the city; that her injuries were such that she was compelled to keep her bed for a period of about six weeks thereafter; that she was permanently injured, rendered incapable of performing her household duties, and was permanently crippled; that she suffered great bodily pain; that she had been compelled to expend for medical assistance $130, and had expended for nurses in her sickness $50; and that by reason of her injuries she suffered great pain in body and mind, and had sustained damages in the sum of $5183.

The answer of the defendant was (1) a general de-

Holton v. Hicks.

nial; (2) an admission that it was a municipal cor-
poration; and (3) alleged, among other things, that
the sidewalk described in plaintiff's amended petition
was along the side of and abutting against certain real
estate in said city then owned by, in the possession
and under the control of one W. D. Green, who was
originally made a party defendant in said action; that
under and by virtue of three certain valid ordinances
of the city (copies of which were attached to the
answer) Green was obliged to construct the sidewalk
and keep the same in repair at his own cost and ex-
pense; that the person under whom he claimed title
to the real estate abutting upon said sidewalk, without
any license or lawful authority therefor on the part of
the defendant or its officers, excavated into the public
street of the city in front of the real estate, for the
purpose of creating a coal cellar or area to be used
for the accommodation of and as an appurtenance to
the building on the lot abutting on the sidewalk, and
then constructed the sidewalk in question on top of
and over said coal cellar or area so excavated into
the public street of said city; that in constructing the
sidewalk he left a coal-hole or opening in the same,
which he securely covered with trap-doors, but that
said sidewalk and trap-doors were constructed in
a safe and careful manner; that the same were con-
structed by the said Green, or the person who then
owned the abutting real estate, without authority
or license from the defendant or its officers; that
the said Green, at the date of the alleged injuries,
was solely responsible for the maintenance of the side-
walk; that he was then wholly solvent, and that if
any defect existed therein which in any manner con-
tributed to plaintiff's alleged injuries the same was a
latent defect, which could not by the exercise of rea-

sonable care and diligence on the part of the defendant, its officers or agents, have been discovered; that no officer or agent of the defendant had any notice or knowledge that such defect, if any, existed; that the injuries of the plaintiff, if any, were not occasioned by any negligence or want of care on the part of the defendant; and that on the 16th day of April, 1896, on application of the plaintiff, and over and against the objection of defendant, the action was dismissed as against the defendant Green, but that by reason of the premises said Green is primarily liable to the plaintiff for such damage as she may have sustained, if any, by reason of any of the matters alleged in her petition. The defendant city prayed that Green be made a party defendant; that on the final hearing the plaintiff be adjudged to take nothing by her said action, and that the defendant recover its costs.

The plaintiff replied, admitting the passage and taking effect of three ordinances as alleged, and denying all other allegations of the answer except such as were in plaintiff's petition alleged or admitted to be true.

The jury returned a general verdict in favor of the plaintiff; the defendant filed its motion for a new trial, which was overruled, and the court rendered judgment against the defendant city for $1500 and costs. To all of which proceedings the defendant city duly excepted. The defendant, as plaintiff in error, presents the case to this court for review, and alleges error in the proceedings of the trial court.

*First.* That the court erred in the admission of incompetent testimony. The manner in which the sidewalk, trap-door and area way in question were originally constructed was not in dispute. There was no conflict in the evidence concerning that question,

Holton v. Hicks.

but the city in its answer alleged "that said side-
walk and trap-doors were constructed in a safe and
careful manner; that if any defect existed the same
was a latent defect which could not by the exercise of
etc. . . . be discovered." This was denied in
the reply, but whether the manner of construction
was "safe and careful" was an issue. The sidewalk,
trap-door and area way were all described by the
various witnesses; the. claimed defects were all de-
scribed and pointed out by witnesses who claimed to
have.knowledge of them. The supports upon which
the trap-door rested were offered in evidence and in-
spected by the jury for the purpose of ascertaining
whether they were securely nailed. The character
and extent of the claimed defects were comprehensi-
ble by the ordinary person.

The court at the trial, over the objection of the de-
fendant city, permitted a number of witnesses on be-
half of plaintiff to give their opinions as to whether
the area way, sidewalk and trap-door in question were
originally constructed in a safe and proper manner,
and to give their opinions as to whether the trap-door
appeared to be in a safe condition a short time before
the date of plaintiff's injuries. Four of these wit-
nesses were carpenters; they each detailed the man-
ner of construction, situation and condition of the
trap-door and area way, and stated that "it was not
properly constructed," that "the plan of construction
was not right," that "the cover should have rested
on joists," that "it was an improper manner in which
to make a support for a covering to a scuttle-hole to
nail cleats upon joists underneath and permit the
covering to rest only upon these cleats," that "the
trap-door should rest upon the joists," that "it would
do a little while, but would be liable to give out in a

little while if the trap-door in the sidewalk was so arranged that the covering would not rest upon the sills, but merely rest upon cleats nailed to the sills.'' Several other witnesses gave opinions who were not carpenters or experts of any character; they were permitted to testify that ''the scuttle-hole was in rather a bad condition,'' ''it seemed to be unsafe,'' ''it looked like it was unsafe.''

Where the relation of facts and their probable result can be determined without special skill or study, the facts must be given and the jury left to draw their own conclusions. The plaintiff was permitted to introduce witnesses, some of whom were expert carpenters, and others not shown to be experts or possessed of any peculiar skill, but who had seen the street, area way and trap-door at which the accident in question occurred. The court permitted the plaintiff, over the objection of the defendant, to introduce in evidence the opinions of such witnesses, that in their opinion ''the trap-door was not properly constructed,'' that ''it was in a bad condition,'' that ''it was not constructed right,'' it ''seemed to be unsafe,'' that ''it was an improper manner to make a support for a covering to a scuttle-hole to nail cleats upon joists underneath and permit the covering to rest only upon those cleats.'' The admission of such testimony calling for the opinion or conclusion of the witness was prejudicial error. The defects as described in detail by the witnesses were capable of being understood by the jurors, as well as by the witnesses. The witnesses ought not to have been permitted to give their conclusions, but this testimony should have been confined to a detailed statement of the facts showing the condition which would tend to support the claim of the plaintiff. (*Junction City v. Blades*, 1 Kan. App.

Holton v. Hicks.

85, 41 Pac. 667; *Murray v. Woodson County*, 58 Kan. 1, 48 Pac. 554; *City of Parsons v. Lindsay*, 26 id. 426; *C. R. I. & P. Rly. Co. v. Clonch*, 2 Kan. App. 728, 43 Pac. 1140; *Insley v. Shire*, 54 Kan. 793, 39 Pac. 713.) There are, however, two Kansas cases apparently in conflict with these authorities, *Solomon Rld. Co. v. Jones*, 34 Kan. 443, 8 Pac. 730, and *City of Topeka v. Sherwood*, 39 id. 690, 18 Pac. 933. In the Jones case, the witness was permitted to testify that he was in the employ of the Solomon Railroad Company. Similar questions arose upon the testimony of McQuire and other witnesses. The court held this testimony incompetent, but held its admission immaterial.

The case of Sherwood, *supra*, was an action for personal injury. The court permitted one Smith to testify:

"Q. I will ask you to state, from your own observation of the condition of that walk, up to the time of its repair, whether that walk was in a safe condition, or in a dangerous condition. A. I considered it in a dangerous condition all the time until it was repaired."

The court held the testimony incompetent, but from the fact that the witness minutely set forth the conditions of the walk and described the same so that the only reasonable deduction necessarily followed that the walk was dangerous, and from the fact that a great preponderance of the evidence tended to prove that the sidewalk was dangerous, the court reluctantly held it error without prejudice.

The testimony was incompetent, improperly admitted, and we are unable to say that the defendant was not prejudicially affected thereby.

*Second.* That the court erred in refusing to instruct the jury "that the plaintiff is not, under the

evidence, entitled to recover any amount of damage for loss of time.''

The undisputed testimony shows that plaintiff was a married woman; that her only occupation was that of housekeeping for her husband and family; hence, any loss of time belonged to her husband and he alone could recover therefor. The above instruction should have been given to the jury. The instructions given upon the measure of damages were not very clear, and were likely to mislead the jury. The instructions given upon the measure of damages should been modified by the instruction requested by the defendant above set out.

It is unnecessary to comment upon the other assignments of error; they are without special merit. On account of the errors hereinbefore noted the judgment must be reversed.