CHARLES A. CARLETON *vs.* INHABITANTS OF CARIBOU.

Aroostook.   Opinion February 15, 1896.

*Town. Way. Defect. Proximate Cause. Notice. R. S., c. 18, § 80.*

A bridge across a highway was sixteen feet in length and the same in width, without a railing, and about five feet above the bed of the stream. Near the northeast corner there was a hole about two or three feet long and a foot or more in width, where the plank had become broken, leaving sufficient space on the south side for teams to pass. As a warning to travelers, a plank had been thrust into the hole, so that it stood perpendicularly from the bed of the stream, extending four or five feet above the bridge.

The plaintiff's statement of the accident was this: "As I drove up on the bridge the plank was stuck up into the hole, and my horse stepped on the first plank that this rested against, and when she stepped on that it tipped over and struck my horse a little and fetched up on the end of the plank. It touched my horse, and my horse sheered out round and ran the forward wheel off between these planks which were of different lengths, and kept right on going." *Held;* that the proximate and responsible cause of the injury was the hole in the bridge with the plank standing endwise in it, but as no municipal officer of the defendant town, highway surveyor or road commissioner, had twenty-four hours' actual notice of the defect that caused the injury, the town was not liable.

*Quære;* whether, if it were to be held that the want of a railing was the proximate cause of the accident, the following notice is a sufficient compliance with the statute: "The injury was caused by a broken plank or hole in the bridge crossing said brook, and a piece of board placed endwise in the hole and projecting upward above the road several feet, causing my horse to pass on one side of the traveled way throwing my wagon wheel off the end of the bridge, which at that point is narrow, and without any railing or safeguard of any kind."

*Spaulding* v. *Winslow*, 74 Maine, 528; *Aldrich* v. *Gorham*, 77 Maine, 287 affirmed.

ON MOTION AND EXCEPTIONS.

This was an action brought to recover damages for injuries sustained by reason of an alleged defective highway. The jury returned a verdict for the plaintiff.

The plaintiff contended, and his evidence tended to show, that the defect consisted in a lack of a railing on a certain bridge. To satisfy the statute requirements of notice, the plaintiff offered the following, viz. :

"To the municipal officers of the town of Caribou, county of Aroostook, State of Maine.

"You are hereby notified, that I, Charles A. Carleton, of Woodland, on Tuesday, the thirtieth day of May, A. D., 1893, at about 12 M., of that day while crossing the Mile Brook bridge, so-called, on the Woodland Center road in the town of Caribou was thrown violently from my carriage and seriously injured in my stomach, chest, and back, receiving a severe concussion of spine and injury to stomach, causing intense pain, soreness, and spitting or raising of blood, and receiving internal injury, by being violently shaken up and jarred in my fall.

"The injury was caused by a broken plank or hole in the bridge crossing said brook, and a piece of board placed endwise in the hole and projecting upward above the road several feet, causing my horse to pass to one side of the traveled way, and throwing my wagon wheel off the end of the bridge which at that point is narrow and without any railing or safeguard of any kind. The fore wheel of my wagon went off the side of the bridge, and I was thrown forward upon the wheel and dragged some distance between the wheels of my carriage, receiving the injury as above. I claim ($1,000) one thousand dollars damages therefor, and you are hereby notified to settle and make payment of the same forthwith.

Charles A. Carleton."

"Woodland, June 2, 1893."

Defendants seasonably objected to this paper being received, on the ground that it did not allege a want of railing as the defect causing the injury, but the court overruled the objection, and allowed the paper to be read in evidence.

The plaintiff offered evidence tending to show that the bridge was defective, and that there was no railing thereon.

Defendants seasonably objected to the evidence being received, on the ground that the paper read in evidence, as a notice, required by statute to the municipal officers of the town or highway surveyor, did not set forth as a defect the want of railing on said bridge. The court overruled the objection and received the evidence. To both of these rulings the defendants seasonably excepted, and also filed a motion for a new trial.

*V. B. Wilson and C. B. Roberts*, for plaintiff.

Every defect and want of repair in the bridge in question, which was directly or indirectly connected with the injury, including the lack of railing on said bridge, is particularly specified, and all the purposes of the statute requiring said notice are fully complied with. *Chapman* v. *Nobleboro*, 75 Maine, 430 ; *Miles* v. *Lynn*, 130 Mass. p. 401 ; *White* v. *Vassalborough*, 82 Maine, p. 75.

All of the defects covered by the evidence in the case are specified in the notice, and, if the defects mentioned in said notice had not existed, the accident would not have happened. "The notice would not be vitiated if it included other places as well as the one in question ; and it is none the less a notice of the defect which caused the injury, because it is at the same time a notice of others." *Rogers* v. *Shirley*, 74 Maine, 144.

It is for the jury to determine, upon the whole evidence, whether the proper officer had actual notice of the particular defect causing the accident. Ibid.

It is not material whether the broken plank, or hole in the bridge and the piece of plank placed endwise in the hole and projecting up above the road, was a legal defect or not, for, if the jury found that the lack of "any railing or safeguard of any kind" was a legal defect, and found that the lack of a railing was the legal cause of the injury, and that the hole in the bridge and the upright plank aforesaid were the remote, but not the proximate cause, then the plaintiff, if in the exercise of due care, was entitled to recover. *Spaulding* v. *Winslow*, 74

Maine, p. 534; *Stark* v. *Lancaster*, 57 N. H. 92; *Aldrich* v. *Gorham*, 77 Maine, 288.

And there was abundant evidence in the case that the plaintiff had previously notified one of the municipal officers of the town of the defective condition of the planking on the bridge, as well as of the lack of a railing.

" While towns are under no obligation to erect barriers of any description merely to prevent travelers, in the absence of any dangerous place in close proximity to highways from straying therefrom, they are bound by the spirit of the statute of ways to erect suitable railings on causeways constructed as this was, five or six feet above the natural surface of the earth." *Haskell* v. *New Gloucester*, 70 Maine, p. 306.

This case differs from *Spaulding* v. *Winslow*, 74 Maine, 528, in the fact that where the wagon dropped off and the accident occurred, the lack of railing was a legal defect, of the existence of which the municipal officers of Caribou had previous to the accident been notified by the plaintiff. Counsel also cited: *Morse* v. *Belfast*, 77 Maine, p. 46; *Farrar* v. *Greene*, 32 Maine, 574; *Garmon* v. *Bangor*, 38 Maine, 443.

If the plaintiff had reasonable cause to believe that he could pass the obstruction in safety, and use reasonable care in the attempt, he is entitled to recover. ' *Mahoney* v. *Metrop. R. R. Co.* 104 Mass. p. 75; *Thomas* v. *W. Un. Tel. Co.* 100 Mass. 156; *Coffin* v. *Palmer*, 162 Mass. p. 196.

*Louis C. Stearns and A. L. Lumbert*, for defendants.

Written notice : This statute notice means something, as is stated in *Greenleaf* v. *Norridgwock*, 82 Maine, 62, by Mr. Justice WALTON. Such a statute is not directory merely; it is mandatory.

It must be affirmatively set out; positively stated, with nothing left for argument or inference.

By the express terms of the statute, the nature and location of the defect to be set forth are of the defect that caused the injury and none other. And it would seem, in all fairness, that the plaintiff should be bound by his own statement in the written notice of the defect that caused his injury, and should not be

allowed to recover because of some other defect as being the cause of his injury.

The courts have more than once declared the necessity of setting forth the nature and location of the defect causing the injury, in cases of this kind, as will appear from the following citations: *Hubbard* v. *Fayette*, 70 Maine, 121; *Rogers* v. *Shirley*, 74 Maine, 144; *Greenleaf* v. *Norridgwock*, 82 Maine, 62; *Larkin* v. *Boston*, 128 Mass. 521; *Smyth* v. *Bangor*, 72 Maine, 249.

SITTING: PETERS, C. J., FOSTER, HASKELL, WISWELL, STROUT, JJ.

FOSTER, J. The plaintiff was thrown from his carriage and injured while passing over a bridge in the defendant town. For this injury he has recovered a verdict for four hundred and fifty dollars. The case is before the law court on motion and exceptions by the town.

A careful examination of the evidence has satisfied us that the verdict is clearly wrong, and that the motion must be sustained.

The bridge was sixteen feet in length and the same in width, without railing, and about five feet above the bed of the stream. Near the northeast corner there was a hole about two or three feet long and a foot or more in width, where the plank had become broken, leaving sufficient space on the south side for teams to pass.

As a warning to travelers, a plank had been thrust into the hole, so that it stood perpendicularly from the bed of the stream, extending four or five feet above the bridge.

The plaintiff's statement is this: "As I drove up on the bridge the plank was stuck up into the hole, and my horse stepped on the first plank that this rested against, and when she stepped on that it tipped over and struck my horse a little and fetched up on the end of the plank. It touched my horse, and my horse sheered out round and ran the forward wheel off between

these planks which were of different lengths, and kept right on going."

There is no evidence that any municipal officer, highway surveyor or road commissioner of the defendant town had twenty-four hours' actual notice of the defect that caused the injury.

The defendant within fourteen days from the time of receiving his injury served notice in writing upon the municipal officers setting forth his claim for damages, and specifying the nature of his injuries, and therein stated that : "The injury was caused by a broken plank or hole in the bridge crossing said brook, and a piece of board placed endwise in the hole and projecting upward above the road several feet, causing my horse to pass on one side of the traveled way throwing my wagon wheel off the end of the bridge, which at that point is narrow, and without any railing or safeguard of any kind."

The evidence is conclusive that the proximate and responsible cause of the injury was the hole in the bridge with the plank standing endwise in it. It was the efficient, proximate cause of the injury. It was not a mere agency through which another defect operated to produce the injury. *Spaulding* v. *Winslow*, 74 Maine, 528. It had more than a casual or accidental connection with the injury. The plaintiff, himself, in his written notice to the municipal officers states that it was the cause of the accident, and he was undoubtedly correct as the evidence clearly shows. In his testimony, in answer to the question, "what was the real cause there that produced the accident?"— his answer is—"I think it was the plank that fell against my horse that started her to shy."

For the existence of this hole, with the plank standing in it, the town was not legally liable ; for the evidence absolutely negatives the fact that the town ever had the twenty-four hours' actual notice of this defect as required by statute.

Had this defect not been the real, true, efficient cause of the accident, but merely an agency which induced, influenced the accident, a medium or inducement through which another and independent defect produced the injury, then the case would be different, and the town might be liable for the injury resulting by means of such other and independent defect.

This distinction is clearly laid down in the opinion drawn by Chief Justice PETERS, in *Spaulding* v. *Winslow*, supra, where he says : "Here, then, must be the proper distinction. If the hole or the horse's fright at the hole, was the proximate cause of the injury, the plaintiff cannot recover. If it by chance became merely an agency through which another defect operated to produce the injury, then he can recover."

The same distinction was observed in *Aldrich* v. *Gorham*, 77 Maine, 287, wherein it was held that if any other efficient, independent cause, for which the town is not responsible, contributes directly to produce such injury, then the town is not liable.

The plaintiff, however, contends that the cause of the injury was the lack of a railing on said bridge, and that the want of such railing is sufficiently set forth in the written notice to the municipal officers.

But we are not inclined to take this view of the case. For, as we have distinctly stated, we have no doubt that the proximate, efficient cause of the injury was the hole, with the plank in it which struck the horse and caused it to sheer out and run the wheels off the bridge. This was "the nature and location of the defect which caused such injury" (R. S., c. 18, § 80) as set forth in the written notice to the municipal officers. But the case is barren of any twenty-four hours' actual notice to the town of *this* defect. Consequently, there is no liability attaching to the town, for, by the statute, that is a fact that must be established affirmatively before the plaintiff will be entitled to recover. It is a condition precedent to a right of recovery.

It is a very serious question whether, if it were to be held that the want of a railing was the proximate cause of the accident, the notice in writing to the municipal officers was sufficient to comply with the statute in reference thereto ; but upon the sufficiency of this part of the notice it is unnecessary to express any opinion.

*Motion sustained. New trial granted.*