MARY G. GURNEY *vs.* INHABITANTS OF ROCKPORT.

Knox.    Opinion December 14, 1899.

*Way.  Defect.  Notice.  R. S., c. 18, § 80.*

1.  To render a town liable for injuries received from a defective way, the
    municipal officers, highway surveyor or road commissioner must have had
    twenty-four hours actual notice of the particular defect.

2.  Knowledge of a cause likely to produce a defect is not actual notice of a
    defect resulting from that cause.

3.  A heavy fall of snow, which drifts the highways of a town generally, but
    blows off in spots, is not such actual notice of a particular drift from which
    an injury is received, as the statute requires.

4.  If knowledge of such storm could be regarded as notice of the condition
    of the way at the place of the accident, *held;* that the plaintiff had the same
    notice of its condition, and under the statute cannot recover because she had
    not previously notified the municipal officers of the defect.

ON REPORT.

The case appears in the opinion.

*J. H. and C. O. Montgomery,* for plaintiff.

*C. E. and A. S. Littlefield,* for defendants.

SITTING:  EMERY, HASKELL, WISWELL, STROUT, SAVAGE, JJ.
FOGLER, J., having been of counsel did not sit.

STROUT, J.    This action is to recover for injuries suffered from
a defective way.  In the great snow storm of January 31 and
February 1, 1898, the ways of defendant town were "blocked
with snow, rendering them impassable, except in places where the
force of the wind blew the snow wholly or partly out of spots in
the road."   The injury occurred on the fourth day of February,
on one of the ways which had been greatly blocked by snow.  A
portion of the way "on each end had been broken out, leaving an
unbroken space at one end of which the plaintiff suffered her
injuries."   It is admitted that the "selectmen had no actual notice
of the alleged defective condition of the road at the place of the

accident, unless the storm and its results" constitute such notice. The town had no highway surveyors, no road commissioner, but had contracted with various persons to break out the roads.

The statute imposing upon towns liability for damages for injuries for defective ways requires, as a condition precedent to recovery, that the municipal officers, highway surveyors, or road commissioner of the town shall have had "twenty-four hours actual notice of the defect or want of repair." R. S., c. 18, § 80—and this court has held that such actual notice must be of the particular defect which caused the injury, and that notice of a cause likely to produce the defect is not sufficient. *Smyth* v. *Bangor*, 72 Maine, 249; *Pendleton* v. *Northport*, 80 Maine, 598; *Hurley* v. *Bowdoinham*, 88 Maine, 293; *Carleton* v. *Caribou*, 88 Maine, 461.

At most, the selectmen of defendant town had notice of a cause, the great fall of snow, likely to produce drifts, the defect complained of. But they had no knowledge of the existence of a drift of snow at this particular place. It might have been a spot where the snow was blown off. They, therefore, did not have actual notice of the identical defect which caused the injury. Such notice being a condition precedent to the right of plaintiff to recover, no liability is shown to attach to the town.

But, if knowledge of the storm could be regarded as notice of the condition of the way at the place of the accident, plaintiff had the same notice of its condition, and under the statute cannot recover, because she had not previously notified the municipal officers of the fact.

*Plaintiff nonsuit.*