Wiens v. Ebel.

ELIZABETH WIENS v. B. S. EBEL.

No. 13,755.   (77 Pac. 553.)

SYLLABUS BY THE COURT.

PERSONAL INJURIES—*Defective Sidewalk—Contributory Negligence a Question for the Jury.* The owner of property abutting on a city street dug a ditch across a cinder sidewalk in front of his premises and left it unguarded. A woman on her way to church in the evening, when it was still light, saw the ditch and stepped over it. On her return home there were many teams in the street adjacent to the walk, and the night was dark and rainy. She looked for the place where the obstruction was located but failed to see it, and fell into it and was injured. In an action against the property-owner to recover damages by reason of the accident, *held,* that the question of her contributory negligence was for the jury.

Error from Marion district court; O. L. MOORE, judge. Opinion filed July 7, 1904. Reversed.

*W. H. Carpenter,* and *J. T. Dickerson,* for plaintiff in error.

*Keller & Dean,* and *S. Burkholder,* for defendant in error.

The opinion of the court was delivered by

SMITH, J. : West street, in Hillsboro, an incorporated city of the second class, runs north and south along the western limits of the town. Defendant in

error, who was defendant below, owns property on the west side of the street and abutting thereon. South of his premises there are several residences, one of which was occupied by plaintiff in error at the time of the injuries complained of. There was no sidewalk on the east side of the street. About two years before plaintiff below was injured, Ebel took up a board sidewalk in front of his property and substituted for it a cinder walk about four feet wide and eighteen inches above the bottom of the gutter. The cinder walk was held in place by planks set on edge, and these were kept upright by pins, or stakes, driven in the ground against the planks on the street side. The walk was in general use by persons living south of Ebel's place who had occasion to go back and forth to the business part of the town.

Defendant below, desiring to drain his land into the gutter, dug a ditch across the cinder walk to a depth of twelve to eighteen inches, and about the same width, with perpendicular sides. It was left open and unguarded. On the evening of April 16, 1901, while it was yet light, plaintiff below, plaintiff in error here, went to church with her husband and young daughter, and passed over the cinder walk. They saw the ditch across the sidewalk which had been dug that day, stepped over it without inconvenience, and noted its location, so that they might avoid it on returning. After the meeting was over, Mrs. Wiens, accompanied by her husband and daughter, started home. When they reached the vicinity of the sidewalk in question, they found many teams in the road, or street, adjacent to the walk. It was a dark and rainy night. Plaintiff below, while walking slowly, fearing a fall into the ditch, did fall into it, and suffered injuries for which she sought to recover damages from Ebel. The

court below sustained a demurrer to plaintiff's evi-
dence on the theory that she was guilty of contribu-
tory negligence.   She has come here alleging error.

Defending the ruling of the trial court, counsel for
defendant below comment thus in their brief on the
conduct of Mrs. Wiens :

''Plaintiff knew of the ditch which defendant had
cut through the walk for the purpose of draining his
land into the gutter along the public road.   She, in
company with her husband and daughter, passed over
it safely in daylight, about half-past six o'clock, April
16, on their way to a meeting.   When they returned
after the meeting was out it was dark.   They did not
provide themselves with a light to enable them to see
the ditch.   The plaintiff did not provide herself with
a cane or other means for ascertaining the location of
the ditch.   She did not take hold of her husband's or
daughter's arm to assist her in crossing the ditch, al-
though her husband was only two steps ahead and
the daughter not more than that distance in the rear.
She took no precautions whatever to avoid stepping
into the ditch ; simply felt for it with her feet in the
dark.   She stepped down into the ditch and was pre-
cipitated forward, and claims to have thus sustained
the injuries complained of.''

The list of precautionary measures which plaintiff
might have adopted could be extended beyond those
suggested by counsel, and still leave the question of
her contributory negligence to be decided by the jury.

We cannot yield assent to the conclusion that, con-
sidering all the circumstances surrounding plaintiff
below when she was injured, as a matter of law she
was guilty of contributory negligence barring a re-
covery, and that after plaintiff had rested no question
of fact was left for the jury to decide.   It has been
held often by this court that knowledge of a defective
sidewalk will not debar a traveler knowing such fact

from using it. In *Langan v. City of Atchison*, 35 Kan. 318, 326, 11 Pac. 38, 43, 57 Am. Rep. 165, Chief Justice Horton, speaking for the court, approved what was said in *Maultby v. City of Leavenworth*, 28 Kan. 745, 748. In the latter case is found the following:

"Now, in this case the plaintiff was intent on business. While he knew the condition of the sidewalk, he was cautious in his action. Ordinarily a party is not obliged to forsake the sidewalk and travel in the street, for while thereby he would avoid one kind of risk he would expose himself to another, to wit, that of injury from passing vehicles. Besides that, the condition of a street on a rainy night is not such as to invite the steps of one traveling on foot. Nor is a party, although he is aware of the condition of the sidewalk, necessarily obliged to go around the block or travel by another street. The reasonableness of his action depends upon the distance of the surrounding way and the urgency of his need. And all this presents a question of fact for the consideration and determination of a jury. We therefore think that the district court erred in discharging the jury and entering judgment for the defendant. Obviously there was a question of fact as to whether the conduct of plaintiff was reasonably prudent."

To the same effect see *City of Emporia v. Schmidling*, 33 Kan. 485, 6 Pac. 893; *City of Horton v. Trompeter*, 53 id. 150, 35 Pac. 1106; *Davis v. City of Holton*, 59 id. 707, 54 Pac. 1050; *Whitford v. Southbridge*, 119 Mass. 564; *Flynn v. Watertown*, 173 id. 108, 53 N. E. 147; *Mellor v. Bridgeport*, 191 Pa. St. 562, 43 Atl. 365; *Dundas v. City of Lansing*, 75 Mich. 499, 42 N. W. 1011, 13 Am. St. Rep. 457, 5 L. R. A. 143; *Mosheuvel v. District of Columbia*, 191 U. S. 247, 24 Sup. Ct. 57, 48 L. Ed. 170, 63 L. R. A. 571.

There were many things justifying plaintiff in using the sidewalk. The darkness of the night prevented her from seeing the dangerous place; the many teams

in the street and its muddy condition were circumstances to be considered in estimating the degree of care used.

There is an implied invitation to the public to use a sidewalk.    Defendant below did nothing to indicate that this invitation was withdrawn, which he could have done easily by guarding the excavation.    If the plaintiff below exercised that degree of care which persons of ordinary prudence usually exercise under similar circumstances, she was not guilty of contributory negligence.    (*Chicago & N. W. Ry. Co. v. Prescott,* 59 Fed. 237, 8 C. C. A. 109, 23 L. R. A. 654.)

The judgment of the court below is reversed and a new trial ordered.

All the Justices concurring.