THE MISSOURI & KANSAS TELEPHONE COMPANY V. H. C. VANDERVORT.

No. 14,022.    (79 Pac. 1068.)

SYLLABUS BY THE COURT.

1. HIGHWAYS—*Injury to Traveler—Degree of Care Required.* One who, knowing of a defect in a street or highway, is injured in its use is not necessarily guilty of contributory negligence precluding recovery. He may use such street or highway if in its use that degree of care and caution be exercised which an ordinarily prudent person would use in view of its defective condition.

2. ——— *Traveler Not Required to Take Another Route.* One

knowing of a defect in a street or highway over and along which he may most conveniently reach a desired destination is not required to take another and less-convenient route, at the risk of being chargeable with contributory negligence if injured in the careful use of the defective one.

3. DAMAGES—*Interest.* A judgment for damages suffered by the simple negligence of a party should not include interest as such.

Error from Sumner district court; CARROLL L. SWARTS, judge. Opinion filed March 11, 1905. Modified and affirmed.

*Stanley, Vermilion & Evans,* for plaintiff in error.
*W. W. Schwinn,* for defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J.: This is the second time that this proceeding has been under consideration in this court. (*Telephone Co. v. Vandervort,* 67 Kan. 269, 72 Pac. 771.)

The telephone company had thrown two poles on the south side of a road one mile west of Oxford, in Sumner county. These poles were lying east and west, with the butt of one thrown upon the other, their west ends close to the east line of a north-and-south road. A thick hedge fence was upon the south side of the east-and-west road, and on the east side of the north-and-south road. The poles were close to the east-and-west hedge, with their ends within three or four feet of the north-and-south hedge, and not observable by one coming from the south until right near them. The track taken by travel in turning from the south on the north-and-south road to the east on the east-and-west road passed close to the corner of the hedge. The defendant in error lived a short distance south of the corner. From his place, by way of the east-and-west road mentioned, it was but little over one mile to the town of Oxford. He might, by going something more

Telephone Co. v. Vandervort.

than double the distance, reach Oxford by going south and then east from his place. These poles had been lying at the place designated above for several days. They were first seen by the defendant in error a day or two before the injury of which he complains in this action. He was then driving from the east, and in so doing the poles were noticeable for quite a long distance before they were reached. He noticed them at that time and thought that their position was such as might frighten a roadworthy team. On the morning of the injury complained of he and his wife, riding in a covered buggy and driving a roadworthy team, started for the town of Oxford, going north upon the north-and-south road. In turning the corner where the poles were placed his team, coming suddenly upon them, was frightened, jumped to one side, gave a lunge forward, broke one of the neck-yoke straps and ran away, inflicting the injuries of which he complains. The defendant in error had judgment in the court below, which it is sought here to reverse.

No suggestion is made that the plaintiff in error was not negligent in placing the poles in the manner and place it did. It is strenuously urged, however, that the plaintiff below was guilty of contributory negligence so as to defeat any recovery; that this negligence was not so much in the manner of his driving, but in attempting to drive at all in the face of a well-known danger; so that we are substantially asked to decide, as a matter of law, that because plaintiff knew of the situation of the poles in the highway before he started from his home to go to Oxford, and because he might have reached Oxford by driving the longer way, he was guilty of contributory negligence precluding recovery. In defense of this position the frequent rulings of this and many other courts relative to the duty of a traveler approaching a railroad-crossing to look and listen for possible danger, and ascribing to him contributory negligence in case he

fails to do so, are invoked. We do not think that rule applicable to the facts of this case, but rather that it must be governed by the rules applicable to defects in streets and highways.

It is well settled by the decisions of this court, such being the rule adopted very generally, that one knowing of a defect in a street or highway is not precluded from the use thereof, or chargeable with contributory negligence simply because with that knowledge he uses such street or highway. The existence and knowledge of the defect put upon the user a greater degree of care in his use of the street; but, unless the defect is obviously of such a character that no person in the exercise of ordinary prudence would attempt to pass along the street or highway at the place where the defect exists, he is not chargeable with negligence in so doing. Nor is the situation changed because another less-convenient though safer way might have been taken. In *Falls Township v. Stewart*, 3 Kan. App. 403, 42 Pac. 926, is found a very full and careful discussion of the principles here involved, the conclusion there arrived at being put in the following language:

"A person who has notice of a defective, unsafe or dangerous condition of a bridge, culvert or public highway is not necessarily negligent in using the same, if he does so in a careful, prudent manner.

"Where a traveler over a bridge, culvert or public highway has knowledge that the same is defective, dangerous, or unsafe, he is not bound to seek some other route of travel, where his business necessities require of him the use of such bridge, culvert, or highway, but such knowledge will require of him the exercise of that degree of care and caution while using the same that an ordinarily prudent, careful person would exercise under like circumstances; and if he is injured while using the same on account of the defective condition of such bridge, culvert, or highway, while he is in the exercise of care and caution on his part commensurate with the defective or dangerous condition of the bridge, culvert, or highway, and with-

out contributory negligence on his part, he may recover damages from the county or township wherein such defective bridge, culvert or highway is located."

The same doctrine is announced in volume 15 of the American and English Encyclopædia of Law, at page 468, as follows:

"It is generally agreed that a traveler's previous knowledge of the defect in the highway whereby he is injured is not of itself sufficient, as a matter of law, to prevent his recovery on the ground of contributory negligence.   .   .   .

"Knowledge of the defect imposes upon one the obligation of taking reasonable care to avoid any injuries from it, and is to be considered with the other circumstances in the case, in determining whether the plaintiff has been guilty of negligence preventing his recovery of damages."

(See, also, *Osage City v. Brown,* 27 Kan. 74; *Maultby v. City of Leavenworth,* 28 id. 745; *City of Osborne v. Hamilton,* 29 id. 1; *City of Emporia v. Schmidling,* 33 id. 485, 6 Pac. 893; *Langan v. City of Atchison,* 35 id. 318, 11 Pac. 38, 57 Am. Rep. 165; *City of Horton v. Trompeter,* 53 id. 150, 35 Pac. 1106; *Wiens v. Ebel,* 69 id. 701, 77 Pac. 553.)

It is true that in a small number of cases expressions have been used which might question the correctness of this rule, but its frequent announcement by this court has put it beyond the pale of discussion in this jurisdiction. No complaint is made that the added degree of diligence required of the plaintiff by reason of his knowledge of the obstruction was not fairly explained to the jury.

Complaint is made that the court refused to give the following instruction:

"If you find from the evidence that some portion of the harness upon one or both of the horses which the plaintiff was driving at the time of the accident, or any portion of his buggy, was defective, and that by reason of such defect broke, and that all of the injuries complained of by the plaintiff occurred after

the breaking of the harness, and you believe from the evidence the same would not have occurred had the harness not been so defective, then your verdict should be for the defendant."

There are two sufficient answers to this complaint: (1) There is no allegation in the answer warranting it—no charge therein that plaintiff's injuries were occasioned by any defect in his harness; (2) there is no evidence from which the jury might have found that the harness was defective, the only evidence being that of the plaintiff himself, where he said "my harness had been used about five months, or scarcely that."

One other claim of errror demands our attention. In directing the jury as to the measure of damages to be awarded the court said the plaintiff was entitled to recover his reasonable actual damages, "with interest at six per cent. per annum from April 7, 1901," that being the date of the commencement of the action. The jury in its verdict fixed the amount of plaintiff's recovery at $750, "with interest from date of filing the petition at six per cent. per annum," and judgment was entered for $859.75, the difference between that amount and $750 being for interest. In this the court erred, as interest is not recoverable upon damages allowed for simple negligence of a defendant until after judgment. (*A. T. & S. F. Rld. Co. v. Ayers,* 56 Kan. 176, 42 Pac. 722; *Railway Co. v. Holmes,* 68 id. 810, 74 Pac. 606.) As the amount in which the judgment is erroneous is easily ascertained, it will not be necessary to reverse it because of the error in the allowance of interest.

The judgment of the district court will be modified by directing the deduction of $109.75 as of the date of the rendition of the judgment, and being thus modified it will be affirmed. The costs of the proceedings in this court will be divided.

All the Justices concurring.