ERIE TOWNSHIP V. WILLIAM BEAMER.

No. 14,039. (79 Pac. 1070.)

SYLLABUS BY THE COURT.

1. HIGHWAYS—*Notice to Trustee of the Defective Condition.* To recover against a township for injuries caused by a defect in a highway the trustee must have had actual notice of the defect more than five days before the injury, but it is not necessary that such notice should have been in writing, nor that any particular formality should have attended the giving of it. Actual knowledge of the defect is the equivalent of actual notice.

2. ———— *Knowledge of Defect by Injured Party—Obligation Imposed Thereby.* Of itself, knowledge of a defect which causes an injury will not, as a matter of law, bar a recovery by the injured person on the ground of contributory negligence. Such knowledge imposes upon him the obligation of greater care to avoid dangers—such care as an ordinarily prudent person would exercise under like circumstances.

Error from Neosho district court; LEANDER STILLWELL, judge. Opinion filed March 11, 1905. Affirmed.

*J. L. Denison,* for plaintiff in error.

*Farrelly & Evans,* and *W. R. Cline,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: While William Beamer was driving his team attached to a loaded wagon over a highway in Erie township, Neosho county, a wheel of the

wagon dropped into a deep and dangerous hole, throwing him to the ground, breaking his nose and both of his arms and causing other serious injuries. He brought this action to recover damages from the township, under the provisions of section 579, General Statutes of 1901, and was awarded the sum of $500.

The principal objection here is that the evidence does not sustain the verdict and judgment. A notice for at least five days to the township trustee was essential to a recovery, and complaint is made that this was not given. Beamer sent a postal card to the trustee, notifying him that the road in question was defective, and this was done about a week before the injury. It was shown to have been received, and perhaps it might be said that there was testimony tending to show that it was received in good time. There was some testimony, however, that it did not reach the trustee until within five days of the accident, and also that it was not specific as to the particular defect in the road. By reason of other facts the sufficiency of that particular notice is not very material.

There was other testimony, sufficient to sustain the finding of the jury, that the trustee had actual knowledge of the defect shortly previous, but more than five days before the injury. It was not a formal written notice, but he was told of the dangerous defect in the road and discussed it with others. It has been held that notice is very important and that nothing short of actual personal notice will suffice (*Parr v. Shawnee County,* 70 Kan. 111, 78 Pac. 449), but it is not necessary that it should be in writing, nor that any particular formality should attend the giving of it. It is not important how, or by whom, the information is communicated to the officer. It is enough if he gains actual knowledge of the defect from any source within the prescribed time. He had actual knowledge of the defective condition of the highway and that was equivalent to actual notice. It was said in *Hari v.*

*Ohio Township,* 62 Kan. 315, 62 Pac. 1010, that "notice of a fact is knowledge of that fact."

There is a further contention that Beamer was guilty of contributory negligence. It appeared that he frequently passed over the road and necessarily was acquainted with its general condition. With knowledge of that condition he had previously managed, with the exercise of care in passing over it, to avoid its perils and escape injury. A person is not to be deprived of the use of a highway because it is defective, or because he has knowledge of defects. Of itself, knowledge of a defect which causes him injury will not, as a matter of law, bar recovery on the ground of contributory negligence. Such knowledge imposes upon him the obligation of greater care to avoid the dangers—such care as an ordinarily prudent person would exercise under like circumstances. (*Osage City v. Brown,* 27 Kan. 74; *Maultby v. City of Leavenworth,* 28 id. 745; *City of Osborne v. Hamilton,* 29 id. 1; *City of Emporia v. Schmidling,* 33 id. 485, 6 Pac. 893; *Langan v. City of Atchison,* 35 id. 318, 11 Pac. 38, 57 Am. Rep. 165; *City of Horton v. Trompeter,* 53 id. 150, 35 Pac. 1106; *Wiens v. Ebel,* 69 id. 701, 77 Pac. 553; *Parr v. Shawnee County,* 70 id. 111, 78 Pac. 449; *Falls Township v. Stewart,* 3 Kan. App. 403, 48 Pac. 926; *Telephone Co. v. Vandervort, ante,* p. 101; 15 A. & E. Encycl. of L. 468.)

Whether Beamer had used reasonable care under all the circumstances was fairly submitted to the jury, and there is no doubt that the testimony in the case was sufficient to support its verdict and the judgment based thereon.

The judgment is therefore affirmed.

All the Justices concurring.