SUSAN SCRUGGS V. THE BOARD OF COUNTY COMMIS-
SIONERS OF THE COUNTY OF LEAVENWORTH.
No. 14,051.   (80 Pac. 595.)

Error from Leavenworth district court; JAMES H.
GILLPATRICK, judge.   Opinion filed April 8, 1905.   Af-
firmed.

*J. L. Berry, Arthur M. Jackson, C. D. Walker,* and
*J. C. Petherbridge,* for plaintiff in error.
*Lee Bond,* county attorney, and *J. H. Wendorff,* for
defendant in error.

*Per Curiam:* This is an action brought against the county of
Leavenworth for damages for personal injuries sustained by
the plaintiff in error in riding across a county bridge in that
county.   After the plaintiff had introduced her evidence, at the
trial of the case, a demurrer thereto was interposed, which was
sustained, and judgment was rendered against the plaintiff for
costs.   The plaintiff brings the case here for review.

It is conceded that under the statutes of the state the county
is not liable in this action for damages unless the chairman of
the board of county commissioners had notice of the defect that
caused the injury at least five days before the occurrence of the
accident.   The court sustained the demurrer on the ground that
the evidence failed to show such notice, and in this ruling we
think there was no error.

It is claimed that the plaintiff failed to show that the chair-
man of the board of county commissioners had notice of the de-
fect by reason of the court's erroneously excluding the evidence
of a conversation had by the township trustee with another
member of the board of county commissioners, in the presence
of the chairman of the board, when the question should have
been submitted to the jury to determine whether or not the
chairman heard the conversation.   There would be much force
in this objection were it not that the trustee was allowed to
testify that in the conversation with the other member of the
board no reference was made to the defect in question, but that
the subject of conversation was in regard to the defective con-
dition of the bridge in question, and other bridges in his town-
ship, and it thus becomes apparent that if the conversation had
been submitted to the jury it would have conveyed no notice of
the particular defect that caused the injury.   (*Murray v. Wood-
son County,* 58 Kan. 1, 48 Pac. 554.)

The judgment of the district court is affirmed.