ETTA FINLEY V. THE BOARD OF COUNTY COMMISSION-
ERS OF THE COUNTY OF LABETTE.

No. 15,250.   (92 Pac. 1113.)

NOTICE—*Defective Bridge—Injury to a Traveler.* In an action
for injury caused by a defective bridge, where it did not ap-
pear that the chairman of the board of county commissioners
had notice of the defect which caused the injury, it was said
a demurrer to. plaintiff's evidence was properly sustained.

Error from Labette district court; THOMAS J. FLAN-
NELLY, judge.   Opinion filed December 7, 1907.   Af-
firmed.

*Archie D. Neale,* for plaintiff in error.

*C. E. Pile, W. B. Glasse,* and *E. L. Burton,* for de-
fendant in error.

*Per Curiam:* The plaintiff in error brought an ac-
tion against the board of county commissioners of La-
bette county, in the district court of that county, to
recover damages for the death of her husband, which
resulted from the falling of a defective bridge which
had been built and maintained by the county.   Upon
the completion of the plaintiff's evidence the defendant
demurred thereto.   The demurrer was sustained and
judgment for costs was rendered against the plaintiff.
Of this ruling and judgment she complains.

It is alleged in the petition and established by un-
conflicting evidence "that the wire rope or truss sus-
taining the said bridge, by reason of its rotten con-
dition and its insufficient size and weight, parted and
gave way and was directly responsible for said fall and
injury."

It is admitted of record that the plaintiff's evidence
was sufficient to compel the overruling of the demurrer
provided the evidence of notice to the chairman of the
board of county commissioners of the defect which
caused the injury is sufficient.   It is also agreed that

the testimony of one C. W. Studley was the only evidence of such notice. Studley testified, in substance, that he was the township overseer, and that the bridge in question consisted of an approach extending from the bank of the stream to an abutment, upon which, and on an abutment on the opposite side of the stream, rested the main, or iron, bridge, which was also supported by the wire rope, or truss; that he told the chairman that the bridge was unsafe and went with him to examine it; that he told the chairman the approach was unsafe and said he would have it fixed as soon as he could when the water went down; that he did not consider the main, or iron, bridge unsafe and did not talk to the chairman about it.

It nowhere appears that the chairman examined the wire rope or had any notice whatever of any defect in it. On the authority of *Parr v. Shawnee County,* 70 Kan. 111, 78 Pac. 449, the ruling and judgment must be sustained.