VALLEY TOWNSHIP *et al.* V. S. G. STILES.

No. 15,315.   (95 Pac. 572.)

SYLLABUS BY THE COURT.

HIGHWAYS—*Defective Culvert—Notice to Township Trustee—Proof Insufficient.* In an action against a township to recover for injuries caused by a defective culvert, where the only proof of notice to the township trustee of the defect is the statement of the plaintiff in his direct examination that he had a conversation with the trustee and gave him the information, but upon cross-examination plaintiff admits that in the conversation he failed to inform the trustee which one of several culverts was defective, the proof is insufficient to establish actual notice of the particular defect.

Error from Miami district court; WINFIELD H. SHELDON, judge. Opinion filed April 11, 1908. Reversed.

*Thomas H. Kingsley,* county attorney, and *L. S. Harvey,* for plaintiffs in error.

*S. J. Shively,* and *E. J. Sheldon,* for defendant in error.

The opinion of the court was delivered by

PORTER, J.: S. G. Stiles recovered a judgment against Valley Township, in Miami county, for damages for injury to a mare, caused by a defective culvert in a township road. The township complains.

The case turns upon the question whether plaintiff's proof was sufficient to show actual notice to the township trustee of the defective condition of the culvert, five days before the injury was received, as required by section 579 of the General Statutes of 1901. The plaintiff claimed that he notified Mr. Frank, the township trustee, of the defect in the culvert. His testimony on direct examination was as follows:

"Ques. Did you speak to any of the township officers in regard to the condition of the bridge? Ans. Yes, sir.

"Q. Who to? A. Mr. Frank. I told him about that bridge—that it was n't safe; there was a hole in the culvert. He asked me who was road-overseer; I told him. He said, 'Ain't it Mr. Eckert?' I told him I did n't think so. He said, 'I will go on my way home that night and see that bridge is fixed.'"

On cross-examination he testified:

"Ques. You say you had talked with Mr. Frank about that culvert? Ans. Yes, sir.

"Q. When did you have your first conversation with him about it? A. About a week or ten days before my horse got hurt.

"Q. Where? A. In front of Mr. Condon's seed store. I told Mr. Frank there was a culvert on my road to town and it was becoming dangerous; I notified Mr. Busby two or three times and he ain't fixed it. He says, 'I think it is Mr. Eckert'; he says, 'I will go on my way home and see that culvert is fixed.'

"Q. There are two culverts on that road? A. Yes, sir.

Valley Township v. Stiles.

"Q. This culvert where you claim the mare was injured was the farthest one west? A. Yes, sir.

"Q. In that conversation with Mr. Frank did you tell him that it was the farthest one west? A. No, sir; I told him it was one west and one east of the Willow Branch schoolhouse.

"Q. You did n't tell him which one you wanted repaired. A. I don't think I stated the culvert."

August Frank, the trustee, was a witness called by the plaintiff, and his testimony follows:

"Ques. You may state just what was said. Ans. He spoke to me about a bridge being out of fix—a hole —I don't know just how to put it. He spoke about being a hole in the foundation or plank of the bridge somewhere near the Willow Branch schoolhouse. The way I understood him the bridge was south of the schoolhouse—the big bridge south of the schoolhouse— first bridge there, but whether he meant that bridge I can't say positively; that is the way I understood it— that he meant that bridge."

At the conclusion of plaintiff's evidence the township demurred and the court overruled the demurrer.

The law places the burden upon the plaintiff to prove notice to the township trustee of the defects which it is claimed caused the injury, and we have repeatedly held that to charge the township or the county with liability under the statute the notice to the trustee or to the chairman of the board of county commissioners must be actual notice of the particular defect. (*Murray v. Woodson County*, 58 Kan. 1, 48 Pac. 554; *Parr v. Shawnee County*, 70 Kan. 111, 78 Pac. 449; *Erie Township v. Beamer*, 71 Kan. 182, 79 Pac. 1017; *Scruggs v. Leavenworth County*, 71 Kan. 848, 80 Pac. 595; *Finley v. Labette County, post.*) Were the question here merely one of a conflict between the plaintiff's testimony in chief and upon cross-examination which required a weighing of the testimony we would be compelled to uphold the ruling of the court, because in that kind of a case it is for the jury to

determine the conflict. (*Acker v. Norman,* 72 Kan. 586, 84 Pac. 531.) In that case it was said:

"Doubtless there are instances where a demurrer should be sustained because, upon cross-examination, a party testifies in direct contradiction to his testimony in chief upon some vital fact essential to his recovery, where the latter controls the former statement and practically admits that the former was a mistake or untrue. If a demand be necessary to be shown to entitle the plaintiff to recover, and upon examination in chief he should state that he had made the demand, but upon cross-examination should correct his former testimony and state that he had not made the demand, or had made it upon the wrong person, and if no other evidence were given upon that essential point, a demurrer would lie." (Page 589.)

We have quoted the testimony of the township trustee, not for the reason that it contradicts in some respects that given by the plaintiff, for manifestly the plaintiff is not bound by the contradictions of a witness he is compelled to call who may be said to occupy an unfriendly position, but for the reason that it tends to corroborate the entire testimony given by the plaintiff himself as to the indefinite character of the notice conveyed by the conversation. The case therefore falls within the exception noted in *Acker v. Norman, supra,* and the later statement of the plaintiff in explanation of the conversation had with the trustee must be held to control the general statement testified to on direct examination.

There was considerable testimony to the effect that there were other culverts on this particular road—two west of the schoolhouse and one east; and the plaintiff admits that he referred in the conversation to at least two of these, and that he did not call particular attention to the one he desired repaired. We are of the opinion that, in view of the construction that has heretofore been placed upon this statute, the plaintiff failed to show actual notice to the township trustee of the particular defect which caused the injury.

The judgment is reversed and a new trial ordered.