Stiles v. Valley Township.

S. G. STILES, *Appellant*, v. VALLEY TOWNSHIP *et al.*, *Appellees.*

No. 16,584.

1. EVIDENCE—*Demurrer—Weight and Credibility.* The rule that in considering a demurrer to the evidence the court may not reconcile conflicting testimony or determine the weight of the evidence applied.

2. HIGHWAYS—*Defective Culvert—Notice to Township Trustee.* Whether a township trustee had notice of defects in a culvert was a question of fact.

Appeal from Miami district court; WILLIAM H. SHELDON, judge. Opinion filed June 11, 1910. Reversed.

*S. J. Shively,* for the appellant.

*L. S. Harvey,* and *E. J. Sheldon,* for the appellees.

*Per Curiam:* This was the second trial of this case in the court below, and is its second appearance in this court. (*Valley Township v. Stiles,* 77 Kan. 557.) The appellant, who was the plaintiff below, in his petition stated a cause of action, and he was the principal wit-

54—82 KAN.

ness in his own behalf. The principal fact in controversy was whether or not the appellant had given notice to the township trustee of the defect in a culvert a reasonable time before the injury complained of to require remedying of the defect in the culvert. The question turned upon whether or not the appellant, in the conversation which he is admitted to have had with the trustee prior to the injury complained of indicated the particular culvert—there being several in the locality—in which the defect is said to have existed.

In his evidence the appellant testified in effect that he had indicated the particular culvert with reasonable certainty; but on cross-examination his attention was called to his testimony on the former trial, it was read to him, and he was asked if he did not so testify, to wit: that the defective culvert was east of Willow Branch schoolhouse; whereas he now claimed he had said it was west of Willow Branch schoolhouse. He admitted that he had so testified on the former trial, but repeatedly reasserted that he had said to the trustee that the defective culvert was west of the schoolhouse. His attention on the cross-examination was repeatedly called to his former testimony, and he apparently became considerably confused; but at no time retracted, but repeatedly reasserted, the statement that he had stated to the trustee that the defective culvert was west of the schoolhouse. Evidence of such notice was essential to sustain his cause of action. The trustee was called as a witness and admitted the conversation with the appellant at the time and place specified by the latter before the accident, but testified that he understood the appellant to refer to a bridge south of the schoolhouse. Upon the appellant's resting his case, the appellees demurred to his testimony. The demurrer was sustained, and judgment rendered against the appellant for costs.

Construed most favorably to the appellant, the evidence established proper notice to the township trustee.

It is not for the court to reconcile conflicting evidence or to determine the weight of evidence in the consideration of a demurrer thereto. It is for the jury to determine the weight of the evidence, its credibility, and what it proves.

The judgment is therefore reversed and the case is remanded, with instructions to grant a new trial.