No. 26,537.

H. I. May, *Appellee*, v. The Board of County Commissioners
of the County of Sherman, *Appellant*.

SYLLABUS BY THE COURT.

Highways—*Injury from Defects—Liability of County—Notice of Defect.* The
proceedings considered in an action against a county for damages for per-
sonal injuries occasioned by a defect in a highway, and *held*, a finding that
the chairman of the county board had due notice of the defect was sus-
tained by evidence.

Appeal from Sherman district court; Charles I. Sparks, judge. Opinion
filed June 12, 1926. Affirmed.

*T. E. Stewart*, county attorney, *John Hartzler* and *George D. Freeze*, both
of Goodland, for the appellant.

*Ira C. Snyder*, of Manhattan, *E. F. Murphy*, *Elmer E. Euwer*, both of
Goodland, *Bennett R. Wheeler*, *S. M. Brewster*, *John L. Hunt* and *V. V.
Scholes*, all of Topeka, for the appellee.

The opinion of the court was delivered by

Burch, J.: The action was one for damages for personal injury
occasioned by a defect in a highway. Plaintiff recovered, and de-
fendant appeals.

The accident occurred at a place known as Horseshoe Bend, on
the highway extending from Goodland northward to St. Francis.
At Horseshoe Bend the highway makes a sharp turn to the right
and curves around the bend of a creek or gulch. At the time of
the accident the roadway at the turn sloped toward the north, and
there was no guard rail, warning sign or directional marker to in-
dicate the change of direction. On the night of September 29, 1921,
plaintiff was a guest in an automobile which approached the turn
from the south at a speed of twenty-five miles per hour. The
driver did not see the turn until it was too late to negotiate it safely;
the automobile turned over and plaintiff was injured. The jury
found specially the place was dangerous, found specially that ab-
sence of a fence or warning sign constituted a defect in the highway,
and found the chairman of the county board had due notice of the
defect. Error is predicated on the action of the district court in
refusing to set aside the finding relating to notice.

The road was a county road, and the chairman of the board was

Highways, 29 C. J. pp. 688 n. 10, 693 n. 64, 718 n. 51; 39 L. R. A. 53; 2 A. L.
R. 721; 13 R. C. L. 306.

called as a witness for plaintiff. His first answer to questions propounded to him was equivocal, but when pressed he admitted he had been over the road and at Horseshoe Bend during the summer previous to September 29, 1921, the date of the accident. Defendant cites the case of *Parr v. Shawnee County,* 70 Kan. 111, 78 Pac. 449, involving a concealed defect, a rotted bridge sill; the case of *Finley v. Labette County,* 77 Kan. 835, 92 Pac. 1113, involving a defective bridge cable, not brought to the chairman's attention, the complaint made to him being that the bridge approach was defective; and the case of *Valley Township v. Stiles,* 77 Kan. 557, 95 Pac. 572, in which the chairman's informant failed to specify which of several culverts was defective. None of these cases is pertinent. In this instance witnesses testified to conditions which made the defect obvious to anyone traveling on the highway; and the chairman, whose business it was to observe, could not avoid seeing what was patent to everybody else. (*Bettis v. Wyandotte County,* 116 Kan. 568, 227 Pac. 533.) Within a few days after the accident a warning sign was put up, and the road was later graded to slope from the creek instead of toward it, and was fenced on the north side.

The judgment of the district court is affirmed.