## J. U. VERMILLION, Respondent, v. L. C. PARSONS, Defendant; MRS. L. C. PARSONS, Interpleader, Appellant.

### St. Louis Court of Appeals, April 14, 1903.

1. **Attachment: INTERPLEADER: VERDICT OF JURY: TESTIMONY SUFFICIENT.** In a contest between the respondent, an attaching creditor of defendant, and defendant's wife as interpleader, the issue being whether the property belonged to defendant and was subject to process for his debt, or to his wife in her own right, and the testimony being contradictory, the verdict of the jury will not be disturbed.

2. **———: INADMISSIBLE EVIDENCE.** Declarations made against the ownership of property by the party in possession are competent evidence because made against his interest, but declarations in favor of his ownership are inadmissible. The application of this rule renders the declarations of defendant inadmissible.

3. **———: INTERPLEADER AS BAILEE.** The evidence showed that some of the property belonged to two friends of interpleader. *Held*, as bailee she could recover it, if the bailment was satisfactorily proved.

4. **———: INSTRUCTIONS: ISSUE.** As to the property that interpleader held as bailee, the instructions should be framed with reference to her right to their possession instead of their ownership.

Appeal from Barry Circuit Court.—*Hon. H. C. Pepper,* Judge.

REVERSED AND REMANDED.

*Joe French* for appellant.

Where the evidence in support of the interpleader's claim, was sufficient to make out her claim, unimpeached, and unattended by any circumstances tending to cast suspicion on it, and there being no substantial

evidence to the contrary, a verdict for the plaintiff should on appeal be set aside. It was the duty of the trial court to have sustained a motion for new trial. Lionberger v. Pohlman, 16 Mo. App. 392; Walton v. Railroad, 49 Mo. App. 620; Price et al v. Evans, 49 Mo. 396; Borgraefe v. Knights of Honor, 22 Mo. App. 127.

*D. H. Kemp* for respondent.

(1) The first assignment of error can not be sustained in this case, under rulings of Bemis Bros. Bag Co. v. Ryan Com. Co., 74 Mo. App. 627; Parker v. Cassingham, 130 Mo. 350; Bank v. Armstrong, 92 Mo. 265. (2) The second assignment of error was a question for the jury to determine as to who was the owner of the goods. The supposed or would-be "Mrs. Kurry and Mrs. Fuller did not then nor do they now claim to be the owners of any part of the property in controversy, and that they had left the property with Mrs. Parsons." (3) The third assignment of error was cured by instruction No. 6. Cobbey on Replevin, secs. 125, 147, and cases cited.

GOODE, J.—This is a contest between the respondent as an attaching creditor of L. C. Parsons, and Mrs. Parsons the defendant's wife as interpleader for the attached property, which consists largely of household furniture. The issue was whether the property belonged to Parsons and was subject to process for his debt or to his wife in her own right; and there was contradictory evidence for the jury to pass on, we think. We therefore overrule the appellant's contention that the evidence was insufficient to support the verdict.

There was another attachment action against Parsons wherein J. R. Williams was plaintiff. On the trial of that action before a justice of the peace, Parsons testified about the ownership of the furniture contained in

a hotel at Monett, which he and Mrs. Parsons conducted, and the testimony he gave bore on the ownership of the property involved in the present controversy, on the trial of which in the circuit court Williams, the attaching plaintiff in the other case, was a witness for Vermillion. Williams was asked about what Parsons testified with reference to the title to the goods in question, and was permitted to answer that Parsons swore in the justice's court that he (Parsons) owned the attached goods and nobody else had any claim on them. Respondent also put on the stand a witness named Clover, who was a juror in the Williams case, and asked him this question: "State what Mr. Parsons testified in the trial of that case?" Clover answered as follows: "There was a portion of the goods he did not claim to own and there was a portion he said was his. He did not claim to own his daughter's piano, iron bed and bed room suite. The rest of the goods he claimed was his and that he had property in Springfield and that he was going to sell it and pay off all his debts."

The appellant objected and excepted to the admission of the foregoing testimony. The respondent's counsel argues that it was competent under the rule that the declarations of a person in possession of personal property are admissible as evidence against himself and every one claiming under him by a subsequent transfer. The rule is that declarations made against the ownership of property by the party in possession are competent evidence because made against his interest; but declarations in favor of his ownership are inadmissible. Cavin v. Smith, 21 Mo. 444; Darrett v. Donnelly, 38 Mo. 494; Claflin v. Sommers, 39 Mo. App. 419. The statement of Parsons made before the justice of the peace was that he owned the disputed goods, which was a self-serving declaration.

And at the time, Parsons was not in possession of

the goods, as they had already been seized and taken under attachment writs.

Nor does Mrs. Parsons claim under Parsons by a subsequent transfer. She claims in opposition to his title.

The admitted testimony was therefore incompetent and should have been excluded.

There was evidence that some of the property in dispute belonged to two friends of Mrs. Parsons and had been deposited with her, and as bailee she can recover it if the bailment is satisfactorily proven. Wyeth Hardware Co. v. Carthage Hardware Co., 75 Mo. App. 518. As to those articles the instructions ought to be framed with reference to Mrs. Parsons' right to their possession instead of their ownership; a point which both parties lost sight of at the trial as the instructions show; so no error can be assigned by the appellant on that score.

Because of the admission of the testimony mentioned, the judgment is reversed and the cause remanded. *Bland, P. J.,* and *Reyburn, J.,* concur.