E. F. MADDEN, *Appellant,* v. CHRIST STEGMAN et al.,
*Appellees.*

No. 17,482.

SYLLABUS BY THE COURT.

1. EJECTMENT—*Answer—Different Sources of Title.*  Where in
ejectment a defendant in an answer claims title under a deed
from the plaintiff, and the evidence discloses that this deed
was given to clear the title upon the payment of a debt to
secure which the defendant had executed a deed to the plain-
tiff, such pleading should not preclude the defendant from
recovering upon a title held prior to the giving of such se-
curity-deed, where the plaintiff is given full opportunity to
meet the claim of such prior title.

2. ——— *Evidence — Declarations of Husband Inadmissible
against Wife.*  In ejectment brought against husband and
wife by one who has purchased the propery at sheriff's sale
on an execution against the husband alone, where both de-
fendants maintain that the wife was the sole owner, declara-
tions of the husband asserting title in himself are not or-
dinarily admissible against the wife.

3. EVIDENCE—*Stenographer's Transcript.*  The statute author-
izing the stenographer's transcript of the testimony of a wit-
ness to be introduced in evidence by any party "under like
circumstances and with like effect as the deposition of such
witness," permits such use only in actions between persons
who were parties to the litigation in which the testimony was
given.

Appeal from Ellis district court.  Opinion filed No-
vember 9, 1912.  Affirmed.

*W. E. Saum,* of Kansas City, Mo., for the appellant.

*Joseph G. Waters,* and *John C. Waters,* both of To-
peka, for the appellees.

The opinion of the court was delivered by

MASON, J.:  E. F. Madden brought ejectment against
Christ Stegman and Apolona Stegman, husband and
wife.  He claimed title under a sheriff's deed based
upon a sale on execution on a judgment against the

husband alone. The defendants filed separate answers, each asserting that the wife owned the property and that the sale and deed were therefore ineffective. The husband also pleaded that he had redeemed the property from the sale by paying the amount of the judgment to the clerk of the court, but as the allegation showed that the payment had been made after the expiration of the period allowed for redemption, no real issue was presented in this connection. A trial was had upon the question whether the land had been subject to sale on an execution against the husband. The jury found for the defendants, both generally and specially, and judgment was rendered accordingly. The plaintiff appeals.

The evidence showed that in 1898 the husband had arranged for the purchase of the land, that the deed as executed by the seller left the name of the grantee blank, and the name of Apolona Stegman was afterwards inserted. The plaintiff insists that the defendants' own testimony showed beyond dispute that while the formal title was taken in the wife the real ownership was in the husband. It is true there were apparent contradictions in this testimony, but as it included explicit statements that the wife furnished the money with which the land was purchased, an issue of fact was presented upon which the jury was required to pass. (*Acker v. Norman,* 72 Kan. 586, 84 Pac. 531.) The jury returned a negative answer to the question whether Apolona Stegman had on a former occasion stated or claimed that her husband owned the land, or an interest in it. A transcript of her testimony in a different action showed that she had asserted that the land was occupied by her husband and herself as a homestead, and had spoken of it as having been purchased and paid for by her husband; but she did not deny that the purchase was made with her money and for her benefit, and was not questioned upon this phase

of the matter; the controversy seems to have been over a claim of homestead exemption, rather than of title. Whether her former testimony, taken as a whole, was to be regarded as in contradiction of her present claim was a question to be determined by the jury.

In the answer of Apolona Stegman she claimed ownership under a deed executed by the plaintiff, and said nothing about the deed already referred to. The evidence developed that after the original deed had been executed, and Mrs. Stegman's name had been inserted in it as grantee, the Stegmans executed a deed to Madden as security, and upon the payment of the debt so secured Madden made a deed to Mrs. Stegman, which was of course in effect merely the release of a mortgage. The fact that in her answer Mrs. Stegman based her claim of title specifically upon this deed from Madden·ought not to preclude her from showing that the title was in her prior to the execution of the security-deed. There is nothing in the record to indicate that the plaintiff suffered any prejudice from the defective pleading.

The plaintiff also introduced in evidence the transcript of testimony given by Christ Stegman in the prior proceeding. He complains of an instruction given in this connection, reading as follows:

"Testimony has been offered regarding statements claimed to have been made by Christ Stegman in another trial. This was permitted only for the purpose of affecting his credibility. He could not by any statements as to the ownership of the land or by any acts of his change the facts as to ownership so far as his wife's title extended, if she had any. His statements would not bind his wife as to any title she may have had, if any."

Christ Stegman was a party to the present ejectment action. His statements made on the witness stand in another case were of course competent for all purposes as against him. But as the two Stegmans

interposed the same defense—that the land belonged to the wife, and its sale as the property of her husband passed no title—the real controversy was between the plaintiff and Mrs. Stegman. It was proper to make Christ Stegman a defendant, in order that any claim on his part might be adjudicated, but his answer, asserting title in his wife, was in effect a disclaimer so far as he was concerned, and resulted in his becoming only a formal party. No possible prejudice could result to the plaintiff from the broad statement that Stegman's former testimony was admissable only as affecting his credibility, for it was qualified and explained by the concluding portions of the instruction to the effect that Mrs. Stegman could not be bound by her husband's statements. In the absence of some special circumstances affecting the matter the declarations of Christ Stegman were not admissible against his wife. (*Gillespie v. Walker*, [N. Y. Supr. Ct.] 56 Barb. 185; *Friedman v. Ender*, 116 N. Y. Supp. 461; *Martin v. Banks*, 89 Ark. 77, 115 S. W. 928; *Vermillion v. Parsons*, 101 Mo. App. 602, 73 S. W. 994.) The statute provides that the stenographer's transcript of the evidence of a witness "may be introduced in evidence by any party desiring to use the same under like circumstances and with like effect as the deposition of such witness." (Gen. Stat. 1909, § 2407.) The provision that such a transcript may be used "under like circumstances" as a deposition must be held to include a limitation that it is to be used in litigation between persons who were parties to that in which the original testimony was given. Depositions taken in one action may be used in another, but the parties must be the same, or in privity. (13 Cyc. 1004.) Madden was not a party to the proceeding in which the Stegmans had formerly testified, and therefore he was not entitled to use their testimony against them, otherwise than as declarations binding upon the person making

them. The testimony appears to have been given in resisting the confirmation of an execution sale in a proceeding in which the Stegmans were defendants, but the grounds of such resistance are not shown except as they may be inferred from the testimony itself. In the plaintiff's brief it is said that one of the grounds was that the land was owned by the husband and not by the wife, and had been sold on an execution against Mrs. Stegman; also that by agreement the motion to confirm the sale was withdrawn and that the Stegmans executed a mortgage upon the land in question to secure the debt on which the execution had been issued. What bearing, if any, these facts might have on the case need not be considered, as they are not shown by the record.

The judgment is affirmed.