No. 18,530.

G. W. AVERY et al., Partners, etc., *Appellees,* v. GEORGE HOWELL et al., Partners, etc., *Appellants.*

HEADNOTE BY THE REPORTER.

AGENCY — *Purchaser Found—Contract Completed—Commission Earned.* Following *Green v. Fist,* 89 Kan. 536, 132 Pac. 179, and *Hutton v. Stewart,* 90 Kan. 602, 135 Pac. 681, it is held that ordinarily a real-estate broker has earned his commission when he has produced a customer with whom his principal enters into an enforceable contract for the sale of the land, although the title does not actually pass.

Appeal from Gray district court; GORDON L. FINLEY, judge. Opinion filed January 10, 1914. Affirmed.

*J. M. Kirkpatrick,* of Dodge City, for the appellants.

*Charles A. Baker,* of Chicago, Ill., for the appellees; *B. F. Milton,* of Dodge City, of counsel.

*Per Curiam:* The appeal in this case is taken from an order of the court granting a new trial in an action brought by the appellees against appellants to recover $1000 and interest which they claimed as a commission for producing a purchaser or one who would make a satisfactory trade with appellants for a tract of eight hundred acres of land belonging to appellants. The verdict and judgment denied the appellees' right of recovery.

The facts in this case bring it fairly within the rule laid down in recent decisions of this court, as follows:

In *Green v. Fist,* 89 Kan. 536, 132 Pac. 179, it was said:

"Following *Betz v. Land Co.,* 46 Kan. 45, 26 Pac. 456, it is held, that when an agent for the sale or exchange of real estate finds a purchaser able and willing to take the land at the agreed terms or to enter into a contract which is satisfactory to the principal, he has earned his commission." (Syl.)

In *Hutton v. Stewart*, 90 Kan. 602, 135 Pac. 681, it was said:

"Ordinarily a real-estate broker has earned his commission when he has produced a customer with whom his principal enters into an enforceable contract for the sale of the land, although the title does not actually pass. After the principal has entered into such a contract, not being induced thereto by any deceit on the part of the broker, he can not avoid liability for a commission by showing the inability of the buyer to carry out his agreement." (Syl. ¶ 1.)

It follows that the motion to set aside the judgment and grant a new trial was properly sustained.

The order is affirmed.