FOSTER and another, Respondents, vs. HOLBROOK-ARM-
STRONG IRON COMPANY, Appellant.·

*October 6—October 27, 1914.*

*Contracts: Failure of third person to do something essential to per-
formance: Liability of promisor: Breach making performance
impossible: Measure of damages.*

1. Mere failure of a third person to do something that is essential
   to performance of a contract does not release the promisor.

2. For services rendered by plaintiffs, who were mechanical en-
   gineers, in securing for defendant a contract to manufacture
   1,000 automobile engines for the V. Co. at $210 each, and fur-
   ther services to be rendered by them in the selection of tools,
   planning the installation of machinery, and engineering su-
   pervision of the manufacture of the engines, defendant agreed
   to pay a commission of six per cent. on said contract price, to
   be paid on receipt of each and all payments from the V. Co.
   Plaintiffs rendered the agreed services in selection of tools
   and in planning the installation of machinery and were at all
   times ready to perform as to engineering supervision; but the
   V. Co. so breached its contract with defendant that the latter
   was unable to manufacture and deliver the engines.   Defend-
   ant sued the V. Co. for such breach, but before trial, without
   consulting plaintiffs, settled the action for $20,000 and re-
   leased the V. Co. from its contract, thereby making impossible
   further performance of the agreement between plaintiffs and
   defendant.   *Held,* that defendant thereby became liable at
   once to plaintiffs for damages, and the question as to when
   payments would have become due if the agreement had been
   performed is immaterial.

3. Plaintiffs are entitled to recover in such case the stipulated commission of six per cent. on 1,000 engines at $210 each, less the reasonable value of services unperformed by them which would have been required had there been a full performance of the agreement.

APPEAL from an order of the circuit court for Racine county: E. B. BELDEN, Circuit Judge. *Affirmed.*

Plaintiffs' complaint alleged in substance that they were copartners in the mechanical engineering business with offices in Racine, Wisconsin, and Chicago, Illinois; that the defendant was a domestic corporation engaged at Racine in a foundry and general manufacturing business, and that in or about the month of April, 1910, they entered into an oral agreement with the defendant which in June of the same year was reduced to writing in the form of an offer and acceptance and was as follows:

"In consideration for your services and efforts in securing to us the contract for one thousand (1,000) automobile engines for the Velie Motor Vehicle Co., of Moline, Ill., and the further assistance to be rendered us in the selection of tools for the equipment of our machine shop, and also for services to be rendered in the planning of the installation of machinery for executing said work, and the engineering supervision of the construction of said engines, we agree to pay you as a commission six per cent. (6 %) commission on the contract price.

"Should we receive additional contracts from the Velie Motor Vehicle Co., at Moline, Ill., or from other companies through you, we are to pay you the same percentage as on the present contract, and to receive from you the same services.

"The six per cent. commission to be paid to you on receipt of each and all payments to us."

It is further alleged that through the efforts of the plaintiffs the Velie Motor Vehicle Company entered into a written contract with the defendant for the manufacture of 1,000 gasoline motors at the price of two hundred and ten ($210)

dollars each; that thereafter the plaintiffs, at the request of the defendant, rendered to it the assistance required by their contract in the selection of tools for the equipment of defendant's machine shop and in planning the installation of machinery therein required in the execution of the work covered by its contract with the Velie Company, and in all respects complied with the terms of their agreement until prevented by the defendant from further so doing.

The complaint then alleges that the Velie Motor Vehicle Company, contrary to the provisions of its contract, refused to turn over to the defendant the patterns and jigs for the manufacture of the motors covered by the contract, and that for said reason the defendant was unable to manufacture and deliver the motors; that thereafter the defendant brought an action for breach of contract in the federal court against the Velie Motor Vehicle Company to recover its loss of profits and damages; that after the commencement of said action and before the trial thereof, and on or about May 2, 1912, the defendant, without consulting with or securing the consent of the plaintiffs or of either of them, settled said action for the sum of $20,000 and released the Velie Motor Vehicle Company from its contract obligations to defendant. Damages in the sum of $12,600 with interest are demanded, the same being six per cent. of the contract price of 1,000 engines at $210 each.

The defendant demurred to the complaint on the ground that it failed to state facts sufficient to constitute a cause of action, and from an order overruling the demurrer it appealed.

For the appellant there was a brief by *Hand, Hand & Quinn,* and oral argument by *E. B. Hand.*

For the respondents there was a brief by *Thompson, Myers & Kearney,* attorneys, and *Thomas M. Kearney,* of counsel, and oral argument by *W. D. Thompson.*

VINJE, J.   The argument on behalf of the defendant in support of the demurrer is in substance that the contract is an entire one calling for services yet unperformed and that by its terms the commission was not earned until the motors were manufactured and paid for; that it was through no fault of the defendant that the Velie Motor Vehicle Company breached its contract, and therefore it is not responsible for the condition that rendered performance impossible.   The fact that defendant afterwards settled with the Velie Company, it is claimed, can in no way affect plaintiffs' right to recover in this action, for as far as it appears from the complaint the $20,000 paid in settlement may have been no more than sufficient to reimburse defendant for the actual expenses in preparing to execute the contract.

Had there been a complete performance of the contract on the part of the plaintiffs, and they had sued to recover commissions on motors manufactured but not paid for, there would be force in the objection that commissions were not due.   But no such situation presents itself.   Here there was a breach of contract, and if the defendant occasioned such breach or by its conduct sanctioned it and made it its own, then damages accrued at once, and the question as to when payments would become due if the contract had been performed becomes immaterial.

It is true that under the allegations of the complaint the defendant in no wise brought about the Velie Company's breach of contract.   But defendant knew that plaintiffs had a substantial pecuniary interest in its performance and that it was liable to plaintiffs if without their consent it did anything to adversely affect such interest.   What it did do in settling with the Velie Company was to render it impossible for plaintiffs to perform and to earn the compensation to which full performance would have entitled them.   The defendant, however, presumably reaped the full benefit of the contract when it settled with the Velie Company; for its ac-

ceptance of the $20,000 was the acceptance of the equivalent of performance. And settlement having been made with full knowledge on the part of the defendant of its liability to plaintiffs under its contract with them, the presumption arises that it considered the $20,000 sufficient to discharge such liability as well as to reimburse it for its own loss. By settling with the Velie Company defendant rendered performance on the part of plaintiffs impossible. Such act alone creates liability. *Ketchum v. Zeilsdorff,* 26 Wis. 514. Moreover it is a general rule of law that mere failure of a third party to do something that is essential to performance does not release the promisor. *Cobb v. Harmon,* 23 N. Y. 148, 5 L. ed. 436; *Wareham Bank v. Burt,* 5 Allen (87 Mass.) 113; *Stone v. Dennis,* 3 Port. (Ala.) 231; *Van Etten v. Newton,* 15 Daly, 538. See, also, *Danenhower v. Hayes,* 35 App. D. C. 65, 33 L. R. A. N. s. 698 and cases cited in note.

Here the promise on the part of the defendant was to pay six per cent. commission to plaintiffs upon their securing a contract from the Velie Company and performing certain engineering services. The plaintiffs secured the contract and stood ready to render the engineering services. They had performed as fully as performance was possible. Under such a contract it was the defendant, and not the plaintiffs, which became responsible for performance on the part of the Velie Company.

The complaint states a cause of action and the demurrer was properly overruled. Plaintiffs are entitled to recover the stipulated commission of six per cent. on 1,000 motors at $210 each, less the reasonable value of services unperformed by them which would have been required had there been a full performance of the contract. To the extent of the value of such services consideration has failed and the recovery should be lessened thereby.

*By the Court.*—Order affirmed.