No. 18,578.

ALICE BOWES, *Appellee,* v. N. W. SLY, *Appellant.*

Appeal from Saline district court; DALLAS GROVER, judge. Opinion filed October 9, 1915. Modified.

*W. S. Roark,* of Junction City, *Thomas L. Bond, C. W. Burch,* and *B. I. Litowich,* all of Salina, for the appellant.

*R. A. Lovitt,* of Salina, *J. K. Codding,* and *C. H. Codding,* both of Leavenworth, for the appellee.

*Per Curiam:* In an action to recover damages for breach of promise of marriage and for seduction plaintiff recovered a judgment from which defendant appeals. The record shows errors in the instructions and also erroneous admission of testimony which manifestly resulted in an excessive verdict. Over defendant's objections, plaintiff was permitted to prove that as a result of the seduction she became infected with a disease; that she became pregnant, from which miscarriage and sickness resulted, all of which the instructions authorized the jury to consider in determining the amount of damages. In their special verdict, the jury allowed $8000 damages for these injuries alleged to have been sustained as a result of the seduction. In *Dalrymple v. Green,* 88 Kan. 673, 129 Pac. 1145, 43 L. R. A., n. s., 972, it was held that neither the promise of marriage nor the breach thereof can be regarded as the proximate cause of pregnancy or miscarriage or sickness resulting therefrom.

The court properly refused to require plaintiff to separate her causes of action since the petition stated but one. There is no merit in the claim that a demurrer to the evidence should have been sustained on the ground that plaintiff's testimony contained contradictions. (*Acker v. Norman,* 72 Kan. 586, 84 Pac. 531; *Valley Township v. Stiles,* 77 Kan. 557, 560, 95 Pac. 572; *Madden v. Stegman,* 88 Kan. 29, 30, 127 Pac. 425; *Smith v. Schriver,* 91 Kan. 582, 585, 138 Pac. 584; *Terry v. Gravel Co.,* 93 Kan. 125, 129, 143 Pac. 485.) Nor is there merit in the contention that the testimony of physicians called

by defendant must be regarded as conclusive, or that such expert testimony established the falsity of plaintiff's evidence. (*Daniels v. Dick,* 95 Kan. 72, 147 Pac. 845.)

"It is not essential that the time for the performance of a contract of marriage be stated, for in the absence of such a statement the law will imply that it shall be performed within a reasonable time, depending, of course, on the circumstances of each particular case, and the age and pecuniary circumstances of the parties." (4 R. C. L. 147.)

It was not necessary for plaintiff to prove a demand or request for performance before bringing her suit. It has been repeatedly held that "any acts of the promisor which show a shunning and evasion of the contract, or a failure to carry out the contract as promised, or any refusal that is absolute and unqualified, or which indicates a determination not to marry, will obviate the necessity for a demand of performance." (4. R. C. L. 153.)

Plaintiff testified that she wrote defendant several letters, including one which she registered. These were written obviously for the purpose of informing him of her condition. No brief or abstract has been filed for plaintiff, and while defendant's abstract shows that plaintiff received one letter from him the contents are not stated. However, the contention of defendant is that he never made any promise of marriage. His defense was not based in any respect upon a failure of plaintiff to make a formal demand or request. Where it is manifest from the circumstances that a demand would have been unavailing, as where the defendant by his conduct shows an unwillingness to carry out the contract, no demand is necessary. A refusal to marry may be inferred from a total cessation of intimacy without explanation. (*Willard v. Stone,* 7 Cow. [N. Y.] 22, 17 Am. Dec. 496.) For additional authorities holding that a refusal will be inferred where defendant's conduct indicates an intention not to marry, see Note, 18 Ann. Cas. 360.

There was no abuse of discretion in the refusal of defendant's offer to submit to an examination by physicians to be appointed by the court in order to establish his contention that he was physically incapable of accomplishing the seduction of plaintiff. The offer was made more than four years after the date of the alleged seduction.

In their special verdict the jury allowed plaintiff $500 for damages sustained by the breach of the contract of marriage. She will be given the option to accept judgment for $500; otherwise the judgment will be reversed and the cause re- manded for another trial.

MARSHALL, J., not sitting.