No. 19,514.

G. W. AVERY and C. G. KEESLING, Partners doing business as
The Gray County Land Company, *Appellees*, V. GEORGE
HOWELL and W. F. RHINEHART, Partners, etc., *Appellants*.

SYLLABUS BY THE COURT.

1. EVIDENCE—*Conflict of Testimony—Question for the Jury.* The rule
in *Acker v. Norman*, 72 Kan. 586, 84 Pac. 531, is again followed, and
there being some evidence to support defendants' case, *held*, it was
error to sustain the demurrer.

2. ACTION—*Agent's Commission—Trial—Ignoring Second Defense—
Error.* In an action to recover a real-estate agent's commission, the
answer set up, first, plaintiffs' fraud, whereby defendants were induced
to make an agreement with a third party for an exchange of prop-
erties; second, that such third party was not ready, able and willing
to carry out the agreement; *held*, error to ignore the second defense
and to submit only the defense of fraud.

Appeal from Gray district court; GORDON L. FINLEY, judge.
Opinion filed December 11, 1915. Reversed.

*J. M. Kirkpatrick*, of Dodge City, and *John W. Davis*, of
Greensburg, for the appellants.

*F. Dumont Smith*, of Hutchinson, and *H. O. Trinkle*, of Gar-
den City, for the appellees.

The opinion of the court was delivered by

PORTER, J.: The main question in this case is whether the
court erred in sustaining a demurrer to defendants' evidence.
The plaintiffs, who are real-estate agents, sued to recover their
commission upon an exchange of properties. On a former
trial the court set aside a verdict for defendants. From the
ruling granting a new trial defendants appealed and the judg-
ment was affirmed. (*Avery v. Howell*, 91 Kan. 297, 137 Pac.
785.) Before the second trial defendants filed an amended
answer in which they admitted having made a written contract
with Hanna, the person procured by plaintiffs, by which they
agreed to exchange certain lands for a stock of merchandise
and other property he claimed to own. The answer alleged
that they were induced to execute the contract by false repre-
sentations by Hanna that the property belonged to him and

that the total of the incumbrances upon it amounted, to $6500; that in fact he was not the owner of all the property, and the indebtedness against it was greatly in excess of the amount stated. The answer further alleged that the false statements were known to and acquiesced in by the plaintiffs. There was a further allegation that Hanna was not able and willing to carry out the contract on his part. The court placed the burden of proof as to fraud upon defendants. There was a direct conflict in the evidence as to what representations were made about the amount of incumbrances against Hanna's property, and what was said by Avery to Howell, who had charge of the trade for defendants. No evidence was offered by defendants showing any statements or representations made as alleged in the answer by Hanna, except that the written contract and the bill of sale described the property as his, and the amount of incumbrances mentioned was $6500.

There was some evidence to sustain the defense of fraud, and some upon which the jury might have found that no fraud was established, and therefore the case should have gone to the jury. The court could not invade the province of the jury by weighing the evidence. (*Acker v. Norman,* 72 Kan. 586, 84 Pac. 531, affirmed in *Valley Township v. Stiles,* 77 Kan. 557, 560, 95 Pac. 572; *Madden v. Stegman,* 88 Kan. 29, 30, 127 Pac. 524; *Smith v. Schriver,* 91 Kan. 582, 585, 138 Pac. 584; *Terry v. Gravel Co.,* 93 Kan. 125, 129, 143 Pac. 485; *Bowes v. Sly,* ante, p. 388, 152 Pac. 17.)

For another reason the court was not warranted in rendering judgment in plaintiffs' favor. Before they could recover it devolved upon them to establish the fact that they procured a purchaser ready, able and willing to exchange properties on the terms agreed. This was specially denied in the answer. Here was a material issue on which plaintiffs had the burden. For some reason not apparent from the record, the court ignored this issue and tried only the question of fraud. While the burden was on the defendants to establish fraud, they might have been willing to rest their whole defense on the failure of plaintiffs to satisfy the jury upon the other issue.

It follows, therefore, that the judgment must be reversed and a new trial ordered.