No. 21,058.

GILBERT AVERY and C. G. KEESLING, Partners as the GRAY COUNTY LAND COMPANY, *Appellants*, v. GEORGE HOWELL and FLOYD RHINEHART, Partners, etc., *Appellees*.

SYLLABUS BY THE COURT.

1. AGENT'S COMMISSION—*Exchange of Property—Evidence—Findings.* There was evidence sufficient to compel the submission of the defense to the jury, and to sustain the verdict and judgment for the defendants.

2. SAME. There was evidence which tended to support each of the findings of fact made by the jury.

3. SAME—*Action for Commission—Shifting Ground of Defense.* Before this action was commenced, the defendants gave a certain reason for refusing to perform a contract for the exchange of property. In their answer they pleaded that reason with others. There was evidence which tended to prove the truth of the reason first given. That evidence was sufficient to support the verdict and judgment for the defendants.

4. SAME—*Competent Evidence Withdrawn.* A judgment will not be reversed on account of the withdrawal of competent evidence, where it does not appear that the complaining party was injured by that withdrawal.

5. SAME—*Competent Evidence—Insolvency.* Evidence of judgments for the recovery of money is admissible where the insolvency of a judgment debtor is one of the issues presented.

6. TRIAL—*Impeachment of Witness.* Where a witness has been called by all the parties to the action, cross-examination which tends to impeach the witness is within the sound judicial discretion of the trial court.

7. TRIAL—*Requested Instructions—Refusal Not Error.* There is no substantial merit in the complaint concerning the refusal of the court to give requested instructions, nor in the complaint concerning the instructions given.

Appeal from Gray district court; LITTLETON M. DAY, judge. Opinion filed March 9, 1918. Affirmed.

*H. O. Trinkle,* of Garden City, and *Charles A. Baker,* of Chicago, Ill., for the appellants.

*J. M. Kirkpatrick,* of Dodge City, and *J. W. Davis,* of Greensburg, for the appellees.

The opinion of the court was delivered by·

MARSHALL, J.: The plaintiffs seek to recover a commission from the defendants for effecting an exchange of property. Judgment was rendered in favor of the defendants, and the plaintiffs appeal. This is the third appeal in this action. (*Avery v. Howell,* 91 Kan. 297, 137 Pac. 785; *Avery v. Howell,* 96 Kan. 657, 153 Pac. 532.)

·A brief statement of the facts is contained in *Avery v. Howell,* 96 Kan. 657, 153 Pac. 532. The judgment of the trial court was there reversed for the reason that there was evidence to show that fraud had been practiced on the defendants, and for the further reason that the trial court ignored the issue made by the pleadings as to the purchaser being ready, able, and willing to exchange properties on the agreed terms. On the trial from which the present appeal is taken, the.jury answered special questions of fact as follows:

"1. Did Avery & Keesling make any statements which they knew' to be false to Howell & Rhinehart, concerning the incumbrance of Hanna's property or the ownership thereof? Ans. Yes.

"2. If you answer the above question one in the affirmative, then state what statement they knowingly and falsely made? Ans. That Hanna was the owner of *all* (underlined in the original) of the stock of goods and other properties described in the contract.

"3. Was not the only reason assigned by Howell & Rhinehart for their refusal to complete the deal, at the time of their refusal to complete the same, ·that Hanna was unable to comply with the written contract? Ans. Yes.

"4. If you answer the above question in the negative then state what other reason Howell & Rhinehart did assign? No answer.

"5. Could Hanna, if given a reasonable time, have raised sufficient funds to have passed the title subject to no more than $6,500.00? Ans. No.

"6. Did Avery & Keesling fail to disclose to Howell & Rhinehart any knowledge they had as to Hanna's financial condition, before the contract was signed? Ans. Yes.

"7. If you answer the above question 6 in the affirmative, then state what knowledge they had that they failed to disclose? Ans. Failed to

Avery v. Howell.

disclose Hanna's indebtedness to be more than $6,500.00 before the contract was signed.

"8. Did Hanna, to the knowledge of plaintiffs, make any statement which he knew to be false and they knew to be false concerning the incumbrance on his property of the ownership thereof? Ans. Yes.

"9. If you answer the above question 8 in the affirmative, then state what statements which he knew to be false and they knew to be false he so made to their knowledge? Ans. That the incumbrance on the property was not more than $6,500.00.

"10. Is it not a fact that after defendants had refused to perform their contract with Hanna and before this suit was brought they secured a release of their obligations to Hanna under the said contract in consideration of the sum of $150.00 which they paid to Hanna's attorneys for him? Ans. Yes.

"11. Did Hanna, when he executed the contract, know that the Rock Island Implement Co. had recorded the contract which they had with him? Ans. No evidence to show that he did know."

1. The plaintiffs argue that there was no merit in the defense; that the court should have sustained the plaintiffs' demurrer to the defendants' evidence; and that after the evidence had been submitted to the jury, the court should never have allowed the verdict to stand. This argument is directly opposed to the decision rendered by this court in *Avery v. Howell*, 96 Kan. 657, 153 Pac. 532. It may be that the evidence on the last trial was not the same as on the trial from which the last preceding appeal was taken, but it is probably safe to assume that the evidence was substantially the same. Based on that assumption, the question now presented has been decided. Be that as it may, there was evidence on the last trial sufficient to compel the court to submit the defense to the jury.

2. The plaintiffs urge that the findings of the jury, except findings numbered 3, 10, and 11, were not sustained by any evidence whatever. The voluminous abstract and the transcript of the evidence have been carefully read, and this court is unable to agree with the plaintiffs in this matter. There was evidence which tended to support each of the findings made by the jury. That evidence cannot be here recited without making this opinion exceedingly long.

3. The court instructed the jury—

"That where a party gives a reason for his conduct and decision touching anything involved in controversy, he cannot, after litigation has begun, change his ground and put his conduct upon another different consideration."

34—Kan.—1778

The plaintiffs claim that before the present action was commenced, the defendants gave as their reason for refusing to pay the commission that Hanna was unable to perform his part of the contract. The plaintiffs further claim that the defendants were permitted to change their grounds, or reasons, for not performing the contract. To support their contention, the plaintiffs rely on the answer made by the jury to the third special question. The answer to the plaintiffs' argument is that, even if the defendants did introduce evidence to establish grounds other than those first given by them for refusing to perform the contract, there was evidence to show the truth of the ground which the plaintiffs say was first given by the defendants. The latter evidence was sufficient to support the verdict and judgment so far as this matter is concerned.

4. Soon after the defendants refused to preform the contract signed by them, H. D. Hanna commenced an action in the district court of Finney county to enforce specific performance of that contract. That action was afterward dismissed by Hanna on the payment of $150 to him by the defendants. The plaintiffs introduced in evidence a certified copy of the record in that action. That record was afterward withdrawn from the consideration of the jury. Complaint is made of the order withdrawing that record. Wherein this harmed the plaintiffs does not appear. The tenth question answered by the jury finds that such a settlement was made, and there was evidence to support that finding. Withdrawing the record of the action from the consideration of the jury did not prejudice the plaintiffs, even if that record was competent evidence.

5. Another matter of which complaint is made, is that the court erred in admitting in evidence judgments that were rendered against H. D. Hanna after the contract between him and the defendants had been signed. The answer to this complaint is that one of the defenses pleaded was that Hanna was insolvent and unable to carry out and perform his contract. Evidence of the judgments was admissible on the question of Hanna's solvency.

6. H. D. Hanna was called as a witness by the plaintiffs and also by the defendants. He was first called by the plain-

tiffs, afterward by the defendants, and then recalled by the plaintiffs. When Hanna was recalled by the plaintiffs, the defendants were permitted to ask questions impeaching his credibility as a witness. The plaintiffs contend that this was error. The rule is that a party cannot ordinarily impeach his own witness. (*Johnson v. Leggett,* 28 Kan. 590; *The State v. Sorter,* 52 Kan. 531, 34 Pac. 1036; *The State v. Keefe,* 54 Kan. 197, 38 Pac. 302.) But, whether a party may impeach his own witness is largely within the sound judicial discretion of the trial court. (*St. L. & S. F. Rly. Co. v. Weaver,* 35 Kan. 412, 11 Pac. 408.) Even if the defendants were erroneously permitted to cross-examine Hanna concerning matters that affected his credibility as a witness, it does not appear that the cross-examination did, in any way, prejudicially affect any substantial right of the plaintiffs. This court is precluded by section 581 of the code of civil procedure from reversing the judgment, because it appears on the whole record that substantial justice has been done.

7. Complaint is made of the refusal of the court to give an instruction requested by the plaintiff, and complaint is also made of an instruction given by the court. These instructions have been examined. The complaints are without substantial merit.

The judgment is affirmed.