No. 21,058.

GILBERT AVERY and C. G. KEESLING, Partners as the GRAY COUNTY LAND COMPANY, *Appellants*, v. GEORGE HOWELL and FLOYD RHINEHART, Partners, etc., *Appellees*.

### OPINION DENYING A REHEARING.

#### SYLLABUS BY THE COURT.

AGENT'S COMMISSION—*Action—Compromise.* A defendant in an action without merit may compromise the litigation without making himself liable in any way to any third party.

Appeal from Gray district court; LITTLETON M. DAY, judge. Opinion denying a rehearing filed May 11, 1918. (For original opinion of affirmance see 102 Kan. 527.)

*H. O. Trinkle,* of Garden City, and *Charles A. Baker,* of Chicago, Ill., for the appellants.

*J. M. Kirkpatrick,* of Dodge City, and *J. W. Davis,* of Greensburg, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: In a petition for a rehearing, the plaintiffs earnestly contend that the principal proposition argued by them was overlooked by the court in *Avery v. Howell,* 102 Kan. 527, 171 Pac. 628. In their brief, the plaintiffs urged that—

"The court erred in taking from the jury the evidence of the settlement of the specific performance suit brought by Hanna against defendants and in not holding that the settlement of such suit was a waiver of all defenses to plaintiffs' claim for a commission."

This court refused to reverse the judgment on account of the withdrawal of the evidence of the settlement, but did not say anything about the trial court's not holding that the settlement of the suit was a waiver of all defenses to the plaintiffs' commission. By compromising the action commenced by D. H.

Hanna, the defendants did not render themselves liable to the plaintiffs for the payment of any commission. By compromising the litigation, the defendants did not admit either the justice of Hanna's claim or that they were liable thereon. They may have paid $150 to get rid of a vexatious lawsuit when they knew that they could prevail by fighting. To hold the defendants liable for the commission which the plaintiffs seek to recover would be to discourage settling litigation. The policy of the law should be, and is, to encourage compromises. When they are made, the rights of third parties are not in any way affected thereby. The plaintiffs' right to recover commission from the defendants cannot be based on the settlement of the action commenced by Hanna.

The plaintiffs cite Davis v. Roseberry, 95 Kan. 411, 148 Pac. 629; Parker v. Estabrook, 68 N. H. 349; Willson v. Crawford, 61 Tex. Civ. App. 580; Foster v. Holbrook-Armstrong Iron Co., 158 Wis. 447, and Kirkland v. Berry, 136 S. W. 832. None of the cases cited is controlling in the present action. In Davis v. Roseberry, supra, the landowner voluntarily accepted $500 in lieu of other performance of a binding contract. In the present action the contract was not binding, and the $150 was not paid in lieu of performance.

The judgment of affirmance is adhered to, and the petition for a rehearing is denied.