[Civ. No. 17387.   Second Dist., Div. Two.   Feb. 28, 1950.]

RALPH SIMONIAN, Appellant, v. MARY DONOIAN, Respondent.

Joseph Duchowny for Appellant.

Chase, Rotchford, Downen & Drukker and Richard T. Drukker for Respondent.

MOORE, P. J.—The parties litigant became engaged to marry on November 22, 1947. At that time appellant presented to respondent a diamond engagement ring, and his mother gave her a diamond set wrist watch. They set the date of their wedding for June 27, 1948, planned to effect their union on that day and pursuant thereto made arrangements for the wedding. But before the day arrived appellant without cause or provocation on the part of respondent and without her consent refused to go through with their marriage plans and stated that the wedding would have to be postponed indefinitely. To such delay respondent did not agree but on the contrary held herself ready, willing and able to celebrate the proposed marriage on the day fixed or on any date within a reasonable time that appellant might designate. While at no time did respondent agree to abandon the contract of marriage, appellant on the contrary in the month of August, 1948, terminated the agreement without cause.

Thereafter he filed the instant action for the recovery of the diamond ring and the wrist watch claiming such property to be his own. The court found the facts above recited to be true and that respondent is the owner of and entitled to the possession of both chattels. It was thereupon adjudged that since June 27, 1948, she has been the owner and entitled to the possession of the engagement ring.

Appellant now contends that the court's finding that appellant without cause refused to celebrate the marriage on June 27 was erroneous. He contends that the illness of his

father was just cause for a postponement as he testified. However, appellant himself testified that the father desired the wedding to occur as it had been planned and there is no proof of the elder Simonian's having suffered such illness as would reasonably interfere with his son's marriage. The finding that appellant refused to celebrate the connubial alliance and by his conduct prevented it was amply supported by the evidence. The proof that in the early part of August appellant returned all his gifts from respondent without explanation and that he did not thereafter contact her in any way is sufficient basis for the inference he did not intend to consummate the wedding as planned. The breach of a marriage contract may be shown by any words or conduct although there is neither verbal nor written refusal to marry. (*Campbell* v. *Arbuckle*, 4 N.Y.S. 29; 123 N.Y. 662 [26 N.E. 750].) Also, the mere cessation of intimate communications and visits without explanation is sufficient to support the finding of a breach. (*Bowes* v. *Sly*, 96 Kan. 388 [152 P. 17].)

Appellant insists that the failure to celebrate the marital agreement even though neither party refused to go forward with the marriage constitutes a mutual rescission of the marriage contract. In that connection, he contends that a mere postponement or failure to be married on the date set is not a breach of contract, citing 9 Corpus Juris 333. But the determination of this case does not require a decision as to the significance of the postponement of the wedding day in view of the finding that appellant refused to celebrate the marriage which finding has evidential support.

Appellant contends also that his refusal to celebrate the marriage does not entitle respondent to the ring for the reason that a marriage was a necessary prerequisite to the passing of the title of the ring—in other words, an implied condition to the vesting of the title to the ring in respondent, citing *Ruehling* v. *Hornung*, 98 Pa. Super 535. However, the law as announced by other jurisdictions has no persuasive force in view of the provision of section 1590 of the Civil Code which is as follows:

"Where either party to a contemplated marriage in this State makes a gift of money or property to the other on the basis or assumption that the marriage will take place, in the event that the donee refuses to enter into the marriage as contemplated or that it is given up by mutual consent, the donor may recover such gift or such part of its value as may,

under all of the circumstances of the case, be found by a court or jury to be just.''

The clear meaning of the quoted statute is that the donee of an engagement ring is entitled to retain possession thereof when the marriage contract is breached by the donor without any fault on donee's part.

■ While the testimony is in conflict as to the author of the gift of the wrist watch, the finding is that on November 22 the mother of plaintiff did present to defendant a wrist watch set with diamonds. In the absence of a motion to correct the findings it will be presumed that the court intended to declare that the mother made a gift of the wrist watch to respondent. This item was presented on the occasion of the announcement of the engagement. After appellant had put the ring on respondent's finger, his mother who sat next to respondent opened her purse and said, ''This is from dad and I,'' and thereupon presented the wrist watch to respondent. Such proof is sufficient support of the finding that the watch was the gift of appellant's parents. Where any substantial evidence supports the findings it will not be disturbed on appeal. (*Cate* v. *Certain-Teed Products Corp.* 23 Cal.2d 444, 448 [144 P.2d 335].) And this is true even though there is sufficient support for a contrary finding. (*Rice* v. *California Lutheran Hospital,* 27 Cal.2d 296, 301 [163 P.2d 860].) Therefore, under Civil Code, section 1590, appellant could not in any event recover the watch as it was not a gift made by a party to the contemplated marriage.

The judgment is affirmed.

McComb, J., and Wilson, J., concurred.